OSCAR LEE ONEY v. THE STATE.

No. 22420.  Delivered March 3, 1943.
Rehearing Denied May 5, 1943.

The opinion states the case.

Harvey P. Shead, of Longview, for appellant.

Spurgeon E. Bell, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for failing to stop and render aid to a person whom he (defendant) had struck with an automobile while driving along and upon a public highway. The punishment assessed is confinement in the county jail for a period of 180 days.

Appellant challenges the sufficiency of the evidence to justify and sustain his conviction.

The record shows that on the 31st day of August, 1942, while appellant was driving an automobile along and upon Young Street in the City of Longview, he drove it upon and over Willie Pearl Smith, inflicting injuries upon her from the effect of which she died; that after he struck and knocked her down, he hurriedly drove away without stopping and rendering or offering to render any aid. Appellant, who testified in his own behalf, admitted that he struck the deceased with his automobile on Young Street. He also admitted that he did not stop to render aid, but claimed that he was so extremely frightened as a result of the occurrence that he could not stop and render any aid; that he drove home and sent his father to the scene of the accident to see what he could do for the injured person.

We deem the evidence ample to sustain the conviction. It seems that appellant entertains the idea that if the injury to the little girl, which resulted in death, was due to an unavoidable accident, he was entitled to an acquittal. It appears that he based his defense upon such a theory. This prosecution was brought under Art. 1150, P. C., which provides:

"Whenever an automobile, motorcycle or other motor vehicle whatsoever, regardless of the power by which the same may be propelled, or drawn, strikes any person or collides with any vehicle containing a person, the driver of, and all persons in control of such automobile, motor vehicle or other vehicle shall stop and shall render to the person struck or to the occupants of the vehicle collided with all necessary assistance including the carrying of such person or occupants to a physician or surgeon for medical or surgical treatment, if such treatment be required, or if such carrying is requested by the person struck or any occupant of the vehicle collided with," etc.

It will be noted from the foregoing provision of the statute that it matters not whether the striking of the person was avoidable or unavoidable; the duty rested upon the accused, in any event, to stop and render all necessary assistance. To hold that when the striking of a person, which results in a broken leg or other injuries, is due to an unavoidable accident, that the operator of the motor vehicle may drive away and leave the helpless person lying at the point of collision to suffer unbearable pain and suffering without being amendable to the law, would not only be a dangerous but a monstrous doctrine.

The gist of the offense is failing to stop and to render all necessary assistance, no matter how the collision occurred or who was to blame.

By Bills of Exception Nos. 1, 2 and 3 appellant complains of the action of the trial court in permitting the State to introduce in evidence certain photographs made of the location of various automobiles parked along the street near the point of collision, as well as the point where the injured person was struck and where Herman Rose, who witnessed the collision, stood. Appellant objected to the introduction of the photographs because the same were taken some days subsequent to the collision and they did not show that the automobiles reflected in the picture were the same ones that were parked along Young Street when the collision occurred; nor were they in the same position as those that were parked there at the time but other objects were substituted. We see no error reflected in the bills. It was shown that the witness, Herman Rose, definitely pointed out where he stood, where the collision occurred, and where the various automobiles were parked; and that the photographs truly and correctly portrayed the location of the various objects at and near the scene of the collision as they existed at the time of the unfortunate occurrence. Moreover, the location of the various objects at the point of the collision was immaterial to the State's case and harmless to the defendant.

By Bills of Exception Nos. 4 and 5 appellant complains of the action of the trial court in permitting the District Attorney, on cross-examination of appellant, to ask him if he was not charged with the theft of a tire on February 25, 1942, in cause No. 7912, and if he was not charged with hot-check swindling on June 17, 1942, in cause No. 7959; to which he objected on the ground that the same had been dismissed. The court qualified the bills and in his qualification states that no proof was offered that the charges had been dismissed and that he admitted the same as affecting the credibility of the defendant as a witness because the charges involved moral turpitude. The bills, as thus qualified, fail to reflect error. See 45 Tex. Jur. p. 227, sec. 314b.

Bill of Exception No. 6 complains because the District Attorney, on cross-examination, inquired of the defendant where he obtained the automobile which he was driving at the time in question, to which he objected on the ground that it was irrelevant, immaterial and prejudicial, which objections were overruled; and he answered that he had bought it from the Deakins-Harris Motor Company. It may be conceded that this testimony was immaterial and irrelevant to any issue in the case, yet we fail to perceive that it had any prejudicial effect.

Bill of Exception No. 7 is without merit and we see no need of entering upon an extended discussion thereof.

Appellant has brought forward two bills of exception complaining of certain remarks by the prosecuting attorneys in their arguments to the jury.

In Bill No. 8 he stated that the Assistant District Attorney made use of the following language: "Gentlemen of the Jury, we have to do something to check these reckless drivers, where they get out and run somebody down, as in this case, run over them and not stop, which amounts to murder."

Appellant objected to this argument and requested the court to instruct the jury not to consider it. The court promptly sustained the objection and instructed the jury not to consider the remarks for any purpose. However, appellant contends that notwithstanding the court's action, the damage had already been done and the jury's minds inflamed thereby. The court qualified the bill by stating that the Assistant District Attorney, during the progress of the argument, said: "We must stop people from running over people on the highway and killing and murdering them."

It is obvious that a part of the argument complained of was a reasonable comment on the evidence in the case. However, the fact that the Assistant District Attorney urged the jury to do something to stop the killing and murdering of people is not of such nature as would authorize a reversal of the judgment. This court has said on many occasions that before a reversal can be had on account of the improper argument of State's counsel, it must clearly appear that the remarks were improper; that they were of a material character and such as, under the circumstances, were calculated to injuriously affect the rights of the accused. See House v. State, 19 Tex. Cr. App. 227; Pierson v. State, 18 Tex. Cr. App. 524; Mooney v. State, 76 Tex. Cr. R. 539; Patterson v. State, 147 S. W. (2d) 784.

In determining whether the argument of State's counsel constitutes reversible error, the facts must of necessity be looked to, especially when the argument complained of violates no statutory or mandatory rule or when no new fact is injected into the case. See Jordan v. State, 164 S. W. (2d) 680.

In the instant case, the appellant admitted that he struck and killed the little girl with his automobile. He also admitted that

he did not stop and render any aid, which established his guilt. The jury did not assess the maximum punishment provided by law for such offense but were rather lenient with him. Consequently the remarks did not injuriously affect his legal rights.

By Bill of Exception No. 9 appellant complains of the following remarks of the District Attorney: "Gentlemen of the Jury, you can see that this boy has violated the law before and has been in a lot of trouble; you can not consider this in your deliberations for any purpose except as affecting his credibility as a witness."

We see no impropriety in the remarks complained of. There was evidence introduced which showed that on two different occasions appellant had been legally charged with an offense involving moral turpitude, and it was proper for the District Attorney to admonish the jury that they could consider it only as affecting the appellant's credibility as a witness and for no other purpose.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARNG.

BEAUCHAMP, Judge.

We have reviewed the record in the light of appellant's motion for rehearing and believe that the original opinion fully discusses the case as well as reaches the correct conclusion. The law requires that a party stop and render aid; and the fact, as presented in the motion for rehearing, that the party chooses to go without stopping to secure aid from the hands of another would not meet the requirements of the law. Whether or not this would be good judgment under the facts is not the question for consideration for the Legislature has precluded us from doing so when it passed the act under which this prosecution is brought.

The original opinion expresses the writer's views on the other matters found in the motion for rehearing.

Appellant's motion for rehearing is accordingly overruled.