### Bunk Ponton v. The State.

*No. 1020.   Decided March 18th, 1896.*

**1. Assault With Intent to Murder—What Constitutes—Character of Violence Used.**

To constitute assault with intent to murder, an assault and battery or an assault must have been committed; and to constitute these offenses, there must be shown, not merely violence, but it must be unlawful violence. And so in assault with intent to murder, the violence must be unlawful—there must be the specific intent to kill, and the act prompted by malice.

**2. Same—Charge.**

On a trial for assault with intent to murder, where the court instructed the jury that, if defendant cut and wounded the assaulted party with a knife, such act was an assault. Held: Not necessarily so unless the cutting was "unlawful." And again, "if such assault was made wilfully, intentionally and without lawful justification or excuse, then the same was made upon what the law terms malice." Held: incorrect. Under the supposed state of facts, such an assault, or even a killing, would not necessarily be upon malice.

**3. Same—Malice and Specific Intent—Questions of Fact and not of Law.**

On a trial for assault with intent to murder, where the court, after instructing the jury as above, further told them, "and (if said assault) in addition to being made with malice, it was made with the specific intent to kill, by the use of a knife on said T., then such act was an assault with intent to murder." Held: Erroneous, in that this proposition leaves it in doubt whether the court assumed facts as matter of law which should have been left to the jury. Whether the defendant was prompted by malice and whether he had the specific intent to kill were questions of fact for the jury.

APPEAL from the District Court of Lavaca. Tried below before Hon. T. H. SPOONER.

This appeal is from a conviction for assault with intent to murder, the punishment being assessed at two years' imprisoment in the penitentiary.

There is no statement of facts in the record. That portion of the charge of the court which was excepted to, and which is discussed in the opinion, is as follows, viz: "Now, if you believe from the evidence, beyond a reasonable doubt, that defendant did, in Lavaca County, State of Texas, on or about the 24th day of December, 1895, cut and wound S. J. Thompson with a knife; such act was an assault. If such an assault was made wilfully, intentionally and without lawful justification or excuse, then the same was made upon what the law terms malice; and, in addition to being made with malice, it was made with the specific intent to kill, by the use of a knife, the said S. J. Thompson, then such act was an assault with intent to murder."

*Arthur P. Bagby & Sons,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Conviction for an assault with intent to murder. To constitute this offense, the accused must have committed an assault and battery, or an assault. To constitute an assault and battery, unlawful violence must be inflicted upon the person charged to have been assaulted—not merely violence, but it must be unlawful violence. To constitute an assault, there must be an attempt to inflict unlawful violence upon the person, or the accused must make a threatening gesture, showing in itself, or by words accompanying it, an immediate intention, coupled with the ability, to inflict unlawful violence upon the person. We desire to call attention to the fact that there can be no assault and battery unless the violence inflicted was unlawful, nor can there be an assault unless there was an attempt, etc., to inflict unlawful violence. To constitute an assault with intent to murder, an assault and battery, or an assault, must be committed, such as have been explained above—that is, the violence inflicted or attempted to be inflicted must be unlawful—and to this must be added the specific intent to kill; and, in addition to this, the accused must be prompted by malice. The court instructed the jury: "Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant did, in Lavaca County, State of Texas, on or about the 24th day of December, 1895, cut and wound S. J. Thompson with a knife, such act was an assault." This may or may not be true. If the act of cutting was unlawful, it was an assault. If not unlawful, it was not an assault, because the violence used or attempted to be used must be unlawful. The court proceeds further to charge the jury, "If such an assault was made wilfully, intentionally, and without lawful justification or excuse, then the same was made upon what the law terms malice." This is not a correct proposition. The assault may have been made intentionally and wilfully, and without jus-

tification, and yet not upon malice. Let us suppose that the prosecutor had slapped the jaws of the accused, producing pain, and, from the passion aroused by such a provocation, he wilfully and intentionally killed; would such a killing necessarily be upon malice? The court further instructs the jury: "And, in addition to being made with malice, it was made with the specific intent to kill, by the use of a knife on said S. J. Thompson, then such act was an assault with intent to murder." This charge is so framed as to leave in doubt whether the court submitted to the jury the question as to whether the defendant intended to kill, or whether the court charged the jury, as a matter of law, predicated upon certain facts, that the defendant did intend to kill. The first part of the charge complained of submits a hypothetical case to the jury, from which it is inferred by the court that the accused would have been guilty of an assault, when we have seen that it may or may not be an assault; and then instructs the jury that "if such an assault was made wilfully and intentionally, and without lawful justification or excuse, that, as a matter of law, it would be upon malice." And in this connection he further instructed the jury: "And, in addition to being made with malice, it was made with the specific intent to kill, by the use of a knife on said S. J. Thompson, then such act was an assault with intent to murder." This charge is so framed that it leaves in doubt whether this last proposition was given to the jury as a matter of law, assuming from the fact that the assault had been made, and that it was made intentionally, wilfully, and without lawful justification or excuse, that it would have been sufficient to establish the fact of the specific intent to kill, whereas this should have been left to the jury. All that portion of the charge is so framed as to warrant the conclusion that, as a matter of law, the jury, if they believed certain things, then these other things followed, whereas, it is a question of fact for the jury whether the defendant was prompted by malice, and also a question of fact as to whether he had the specific intent to kill. There was an exception reserved to this charge at the time. We are of the opinion that the charge was wrong, and the judgment is therefore reversed, and the cause remanded.

*Reversed and Remanded.*