## J. L. VINEYARD v. THE STATE.

No. 6545. Decided November 8, 1923.

Rehearing denied January 23, 1924.

1.—Assault to Murder—Evidence—Physician.

Upon trial of assault with intent to murder there was no error in per-mitting the physician to state that the wound on the neck of the injured party passed over the jugular vein and carotid artery, exposing them to view.

2.—Same—Evidence—Rebuttal—Rule Stated.

The State had a right to combat directly the defensive evidence of appellant, and show by the injured party that he did not do what appellant claimed he did.

3.—Same—Charge of Court—Requested Charges.

Where, upon trial of assault with intent to murder, the appellant pre-sented requested charges, and the matters complained of were corrected and amplified by three requested charges which were all submitted to the jury, and other requested charges not applicable to the facts were refused by the Court, there is no reversible error.

4.—Same—Charge of Court—Words and Phrases.

Where the charge of the Court required the jury to find beyond a rea-sonable doubt that defendant made the assault with a deadly weapon, with malice aforethought, with intent to kill, and not in self-defense, the omission of the word "unlawful" from the charge presents no reversible error.

5.—Same—Argument of Counsel—Rule Stated.

Whether the argument is proper or improper must necessarily depend upon the facts of the particular case, and from the record before this Court it cannot say that the arguments complained of were unwarranted, or of such manifest harmful character as to demand a reversal. Following Stanchel v. State, 89 Texas Crim. Rep., 358, and other cases.

6.—Same—Bills of Exception—Filing after Adjournment.

Where both questions raised issues of fact extrinsic of the record, in the motion for a new trial, and the bills of exception were filed after the adjournment of the Court they cannot be considered on appeal. Following Black v. State, 41 Texas Crim. Rep., 185.

7.—Same—Argument of Counsel—Rule Stated.

The argument of counsel used is not alone the test, and the evidence and the verdict must be considered, and when this is done it would not war-rant the conclusion that the penalty assessed was the result of passion due to the argument of counsel, and there is no reversible error.

8.—Same—Words and Phrases—Unlawful.

Where the evidence suggests no justification save self-defense and no mitigation save passion rendering the mind incapable of cool reflection, and the Court submitted a proper charge thereon, the omission of the word "un-

96 T. C.—26

lawful" did not constitute reversible error. Following Green v. State, 32 Texas Crim. Rep., 298.

#### 9.—Same—Rebuttal Evidence—Practice in Trial Court.

The matter of the order of presenting evidence and of hearing testimony in rebuttal is discretionary with the trial court, and in the absence of facts clearly showing an abuse of discretion to the prejudice of the accused, there is no reversible error. Following Beeson v. State, 60 Texas Crim. Rep., 39, and other cases.

Appeal from the District Court of Scurry. Tried below before the Honorable R. C. Joiner.

Appeal from a conviction of assault with intent to murder; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*C. S. Perkins* and *Beall, Beall & Beall,* for appellant.—On question of argument of counsel: Breilaford v. State, 158 S. W. Rep., 540; Roach v. State, 232 id., 504; Brookreson v. State, 225 id., 375.

On question of recalling witness in rebuttal: Day v. State, 138 S. W. Rep., 131; Fread v. State, 210 id., 696.

On question of charge of court in omitting the word "unlawful": Pickens v. State, 13 Texas Crim. App., 357; Cook v. State, 27 id., 242.

*R. G. Storey,* Assistant Attorney General, and *Stinson, Coombes & Brooks,* for the State.—On question of argument of counsel: Howard v. State, 111 S. W. Rep., 1038; McAllister v. State, 120 id., 420.

HAWKINS, JUDGE.—Appellant was charged by indictment with assault to murder upon Albert Bullock, the trial resulting in conviction with punishment assessed at four years confinement in the penitentiary.

Bullock was superintendent of the public school, appellant being one of the trustees. Two of the latter's boys were attending school and were also acting as janitor of the building. Trouble arose between Bullock and one of the boys, resulting in complaint being made by Bullock to the trustees demanding the expulsion of the boy from school, with the statement on his part that if this was not done he would tender his resignation. Appellant made several propositions looking to the voluntary withdrawal from school of the boy under certain conditions, but these were not acceptable to Bullock, and the matter culminated in the expulsion of the boy. This occurred about two weeks before the closing of the school term. Appellant and Bullock saw one another frequently after this occurred, and Bullock spoke to him on one occasion but appellant declined to speak, and thereafter they passed upon the street without any conversation oc-

curring between them. The assault complained of occurred shortly after the beginning of the next school term. Both parties had been to the postoffice but nothing had occurred between them at that time. Shortly thereafter Bullock came out of a drug store with a couple of friends and as he passed off the sidewalk the State's testimony shows appellant stepped up behind him and cut him with a knife, saying, ''G— d— you, I told you I would get you.'' The cut extended from the point of the cheek downward and backward to about the center of the back of the neck, being from one quarter of an inch to one inch in depth, exposing the jugular vein and carotid artery and was seven or eight inches long, gaping open two inches after the wound was first inflicted. Appellant claimed that as Bullock came out of the drug store the latter looked at him, put his hand in his pocket, and that from the expression on his face and the movement he thought Bullock intended to draw a pistol, whereupon he cut him. He also testified that he had been told by one witness that Bullock was carrying a pistol for him. It is noticeable, however that no process had been issued for the witness and it developed from appellant's testimony that he knew this witness was gone at the time his evidence was given.

There was no error in permitting the physician to state that the wound on the neck of the injured party passed over the jugular vein and carotid artery, exposing them to view.

After appellant had testified that the reason he cut Bullock was because the latter looked at him as he came out of the drug store. and put his hand in his pocket. and that appellant though Bullock was going to draw a pistol, Bullock was recalled and permitted over appellant's objection to deny specifically the acts and demonstration attributed to him. While some of the testimony was a repetition of his general statement in the former examination, we cannot regard it as of such harmful character as to demand a reversal. The State had a right to combat directly the defensive evidence of appellant, and show by the injured party that he did not do what appellant claimed.

After the court's charge was presented to counsel for appellant, they filed objections thereto, and the matters complained of were corrected and amplified by three special charges given at their request. Four other special charges were refused and complaint is based thereon. We have carefully examined the main charge, the three special charges given, and in connection therewith those which were refused. We believe the appellant's rights and defenses were fully protected in the charges given, and that no error occurred in the refusal of others. We realize that it would be more satisfactory to the bar for us to set out the charges, and give more in detail our reasons, and indeed this would be much more satisfactory to us, and when reversals are

ordered we usually attempt to do so. But the press of work now on this court renders it impracticable to do so in every case.

Appellant complains that in paragraph 7 of the charge the court authorized a conviction without requiring the jury to find the assault to have been "unlawful." The charge required the jury to find beyond a reasonable doubt that defendant made the assault with a deadly weapon, with malice aforethought, with intent to kill, and not in self-defense. If it was made under such circumstances it was unlawful, and the omission of the word "unlawful" from the charge presents no error. Ponton v. State, 34 S. W. Rep., 950 does not hold to the contrary.

We find in the record four bills of exception to the argument of James P. Stinson, private prosecutor, and one to that of the district attorney. James P. Stinson, during his argument used the following language, complained of in four bills of exception. "Those people who saw that assassination." No connection in which he used the words is shown but the objection seems to be to the word "assassination." Upon objection being made Stinson remarked "I should have said attempted assassination;" again he said: "This man, with the hot blood of his victim dripping from his knife, standing there with his knife in his hand looking at his victim;" again, "You can kiss this defendant and send him back to cut somebody else's throat, or you can send him to the penitentiary;" again, "A citizen of your community, the superintendent of your school, assassinated and his throat cut." The district attorney said, "If this jury goes out and brings in a verdict of acquittal or not guilty in this case, I shall never hope hereafter to obtain a verdict of guilty before a jury in this county in any kind of a case." Objection was urged to all the language set out as "inflammatory, improper and not warranted by the facts." The court declined to instruct the jury to disregard the same. Whether argument is proper or improper must necessarily depend upon the facts of the particular case. From the record before us we cannot say the argument complained of was unwarranted, or of such manifest harmful character as to demand a reversal. Howard v. State, 53 Texas Crim. Rep., 378, 111 S. W. Rep., 1038; McAllister v. State, 55 Texas Crim. Rep., 264, 120 S. W. Rep., 420. We think the only safe rule to be that this court should not hold an argument to be reversible error unless it is in extreme cases where the language complained of is manifestly improper, harmful and prejudicial, or where a mandatory provision of the statute is violated, or some new and harmful fact injected into the case. Stanchel v. State, 89 Texas Crim. Rep., 358, 231 S. W. Rep., 120; Henderson v. State, 76 Texas Crim. Rep., 66, 172 S. W. Rep., 793; Bowlin v. State, 93 Texas Crim. Rep., 452 (No. 6418, opinion November 1st, 1922).

It is contended by appellant that during the argument of his counsel some confusion occurred in the courtroom. This incident

was urged as one ground of the motion for new trial, and testimony was heard thereon. A. J. Kemp was a witness and placed under the rule. When placed upon the witness stand he denied having been in the courtroom during the reception of other evidence. The investigation does not appear to have been pursued at this time, but as one ground of motion for new trial it was alleged that said witness had been in the courtroom while evidence was being taken, and testimony pro and con on the issue was heard. Both of the incidents mentioned were urged as grounds for arrest of judgment as well as in motion for new trial, and the two questions are brought forward in bills of exception numbers 18, 19, 20 and 22 with the evidence on the motions incorporated. It will be observed that both questions raise issues of fact extrinsic the record. This is also true of the bill complaining that Bullock sat in the courtroom in such position that the jury could observe the scar on his face. The trial term of court adjourned on June 25th. None of the bills were filed until after adjournment. An order extending the time for filing bills and statement of facts for ninety days was made, and these bills were filed within the extension. Since Black v. State, 41 Texas Crim. Rep., 185, 53 S. W. Rep., 116 it has been the uniform holding of this court that bills of exception or statement of facts presenting questions outside the record must be filed within term time. Many cases will be found collated in Parroccini v. State, 90 Texas Crim. Rep., 320, 234 S. W. Rep., 671. See also Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep., 472, and cases cited therein. It follows that the bills mentioned cannot be considered. However, before observing the date of filing as too late, the bills had been examined and nothing therein impressed us as presenting error.

Having found no error in the record justifying a reversal, the judgment is affirmed.

*Affirmed.*

ON REHEARING

January 23, 1924.

MORROW, PRESIDING JUDGE.—The motion for rehearing challenges the correctness of the ruling of the court upon various matters discussed in the original opinion. The remarks complained of transgressed no constitutional or statutory provision. In deciding whether the argument is of a nature demanding a reversal of the judgment, the language used is not alone the test. The evidence and the verdict must be considered. Hart v. State, 57 Texas Crim. Rep., 21; Davis v. State, 48 Texas Crim. Rep., 466; Borrer v. State, 83 Texas Crim. Rep., 199.

Under the State's evidence, the assault and the motives inspiring it are not such as would warrant the conclusion that the penalty assessed was the result of passion due to the argument of counsel.

Concerning the complaint of the failure to use the word "unlawful" in the seventh paragraph of the charge, it is argued that the appellant might have inflicted the injury upon Bullock with a deadly weapon with malice aforethought with intent to kill him and the act still not be unlawful. That is true because that might have been justified, but if the jury believed that an assault of the nature mentioned above was made while the mind of the accused was not under the influence of passion produced by an adequate cause and he was not acting in self-defense, it could hardly be said that the assault was other than unlawful. The evidence suggests no justification save self-defense, no mitigation save passion rendering the mind incapable of cool reflection.

The paragraph of the charge in question, while omitting the word "unlawful," gives a specific instruction to acquit if the assault was made under the influence of a sudden passion produced by adequate cause or was made in self-defense, or if upon those issues the jury entertained a reasonable doubt. There is no such fault in the charge mentioned as to warrant a reversal. Particularly is this true when considered in the light of Art. 743 of the C. C. P., which forbids a reversal because of a defect in the charge not calculated to injure the rights of the accused. Green v. State, 32 Texas Crim. Rep., 298.

As stated in the original opinion, the calling of the injured party in rebuttal was made proper by the testimony of the accused imputing to the injured party certain acts. He was with propriety recalled to deny the version given by the appellant of the incidents of the assault. The fact that in this examination there was some repetition of the matters gone into on the original examination of Bullock would not vitiate the verdict. The matter of the order of presenting evidence and of hearing testimony in rebuttal is discretionary with the trial court, and in the absence of facts clearly showing an abuse of this discretion to the prejudice of the accused, a reversal would not be justified. Beeson v. State, 60 Texas Crim. Rep., 39; Dickson v. State, 66 Texas Crim. Rep., 270, 146 S. W. Rep., 914; Montgomery v. State, 68 Texas Crim. Rep., 78, 151 S. W. Rep., 813; Flowers v. State, 68 Texas Crim. Rep., 547, 152 S. W. Rep., 925; DeLerosa v. State, 74 Texas Crim. Rep., 604, 170 S. W. Rep., 312; Thomas v. State, 83 Texas Crim. Rep., 325; Brown v. State, 88 Texas Crim. Rep., 55; Anselmo v. State, 82 Texas Crim. Rep., 595; Mandosa v. State, 88 Texas Crim. Rep., 84, 225 S. W. Rep., 169.

The motion for rehearing is overruled.

*Overruled.*