## EDDIE HEIDLE V. THE STATE.

No. 17431.   Delivered March 20, 1935.
Appeal Reinstated June 12, 1935.
Rehearing Denied October 16, 1935.

The opinion states the case.

*Chas. Ashworth*, of Kaufman, and *Roland B. Travis*, of Canton, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, fifteen years in the penitentiary.

It is provided by Art. 815 of our present Code of Criminal Procedure that one convicted of a felony whose punishment is affixed at fifteen years or less, may have the privilege of making an appropriate recognizance or bond for appeal. The form of such bond upon appeal appears in Art. 817, C. C. P. Examining the bond herein, we observe that it is in form for an ordinary appearance bond, binding appellant and his sureties to see that he appears before the district court and not depart therefrom. There is no statement in said bond of the fact that appellant has been convicted of a felony such as is required by the terms of Art. 817, C. C. P., which lays down the

form in such case. It is necessary that an appropriate bond be made in order that this court may entertain jurisdiction. Such bond not appearing, the appeal is dismissed.

ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—This case was dismissed at a former day of this term because of a defective appeal bond. The defect has been remedied; the judgment of dismissal is set aside, the appeal is re-instated, and the case is now before us on its merits.

There is no denial of the fact that appellant cut deceased badly on the occasion in question, and no serious issue was made of the fact that said wounds led to and caused the death of deceased. Two wounds were in the abdomen, from at least one of which the intestines protruded. Another penetrated the lungs, and witnesses testified that deceased was breathing through this hole. Another exposed the vertebrae in the neck; another cut one arm to the bone, and others were through the jaws and into the mouth. The knife used had a blade said to be two and one-half inches in length and very sharp. The facts seem sufficient.

We find nine bills of exception, each of which has been examined but in none of which do we perceive any error. All of the bills are qualified. Exceptions to such qualifications are noted over the signatures only of appellant's attorneys. Such notation is not sufficient. See Kerr v. State, Cause No. 17486, opinion handed down April 17, 1935 (128 Texas Crim. Rep., 612).

A brief reference is made to each bill. Bill 1 complains of testimony of the father of deceased, in effect, that he did not look at the face of his son after he was washed up. He was present at the difficulty, and had described some of the wounds. Bill 2 sets out a question asked a witness, but fails to show that any answer was given. The question was not of form to be injurious. Bill 3 brings forward objection to the testimony of an experienced and apparently competent doctor who was called at once after the difficulty, who examined the wounds, and testified that he could do nothing for the man. The objection was that this doctor was allowed to say that the wounds caused death in his opinion. The testimony was admissible. Bill 4 complains that the same doctor was allowed to testify that the knife shown him could have inflicted the wounds found by him upon the body. We see no valid objection. There is

no contention in the case but that appellant did inflict said wounds with the knife shown the doctor. There being no serious contention over the fact that appellant inflicted the wounds that caused the death of deceased, we see no particular ground of objection to letting the undertaker,—who said he was a man of many years experience and felt competent to so testify,—state that in his opinion the wounds on the body of deceased caused his death. The fatal encounter resulted from and immediately following a difficulty had by appellant with a much smaller man than himself. The man with whom appellant had the previous trouble was permitted to testify to the facts concerning it, and also that appellant then cut him. It appears that immediately following this affray deceased upbraided appellant and told him he ought to be ashamed of himself for cutting a small man like the one he had just had his trouble with. At once upon this statement the difficulty began between appellant and deceased. We see no need to discuss the other bills of exception, all of which have been carefully examined and in none of which do we find any error.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant predicates a motion for rehearing on the matters complained of in bills numbers one and ten.

Bill number one shows that the father of deceased testified that he did not see the face of deceased after it was washed, "that it was more than he could stand." It is appellant's position that the statement quoted enlisted the sympathy of the jury, and in connection with the argument of the district attorney as reflected in bill number ten, calls for a reversal. The court qualified bill number one by saying that the father of deceased was an eye-witness to the difficulty, and described the wounds upon deceased and then volunteered the statement complained of. No request seems to have been made of the court to instruct the jury to disregard the statement so volunteered. The wounds upon the body and face of deceased were described in detail to the jury by other witnesses; and under the facts the conclusion scarcely appears reasonable that the statement complained of was fraught with the serious consequences now urged.

Bill number ten reflects that in his closing argument the district attorney said to the jury, "* * * if you acquit this defendant you will be saying to this old man (referring to the father of deceased) that his son should have been killed and his intestines cut out upon the ground." The objections urged to the argument were that it was improper, prejudicial and was calculated to influence the minds of the jury against the defendant. The evidence shows that as many as ten knife wounds were inflicted on deceased, several of them quite serious, and one in the abdomen from which entrails protruded. In support of his contention that the argument in question taken in connection with the matter reflected by bill number one should result in a reversal appellant refers us to Brookreson v. State, 88 Texas Crim. Rep., 150, 225 S. W., 375; Emery v. State, 95 Texas Crim. Rep., 336, 254 S. W., 957; Black v. State, 79 Texas Crim. Rep., 628, 187 S. W., 332; Parker v. State, 43 Texas Crim. Rep., 526, 67 S. W., 121; Conn v. State, 11 Texas App., 390; Lasater v. State, 88 Texas Crim. Rep., 452, 227 S. W., 949; Thompson v. State, 26 S. W., 987. All of said cases have been examined and we think none of them is controlling under the facts here found. We think the correct rule as to claimed improper arguments may be found in Vineyard v. State, 96 Texas Crim. Rep., 401, 257 S. W., 548, in which it was said: "We think the only safe rule to be that this court should not hold an argument to be reversible error unless it is in extreme cases where the language complained of is manifestly improper, harmful, and prejudicial, or where a mandatory provisions of the statute is violated, or *some new and harmful fact injected into the case.* Stanchel v. State, 89 Texas Crim. Rep., 358, 231 S. W., 120; Henderson v. State, 76 Texas Crim. Rep., 66, 172 S. W., 793; Bowlin v. State, (No. 6418) 93 Texas Crim. Rep., 452, 248 S. W., 396." (Italics ours). In the opinion on rehearing in Vineyard's case the following language occurs. "In deciding whether the argument is of a nature demanding a reversal of the judgment, the language used is not alone the test. The evidence and the verdict must be considered. Hart v. State, 57 Texas Crim. Rep., 21, 121 S. W., 508; Ex parte Davis, 48 Texas Crim. Rep., 644, 89 S. W., 978, 122 Am. St. Rep., 775; Borrer v. State, 83 Texas Crim. Rep., 199, 204 S. W., 1003." The principles approved in Vineyard's case were re-affirmed in Threadgill v. State, 124 Texas Crim. Rep., 287, 61 S. W. (2d) 821.

Giving effect to what we believe to be the correct rule we are of opinion that we would be unauthorized to reach the

conclusion that the argument complained of would justify a reversal.

The motion for rehearing is overruled.

*Overruled.*