## W. R. HILDRETH V. THE STATE.

No. 17512. Delivered April 17, 1935.
Rehearing Denied May 29, 1935.

The opinion states the case.

*Charlie Sullivan* and *J. B. Littler,* both of Big Spring, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Docia Hildreth by stabbing her with an ice pick.

Appellant pleaded guilty. The proof on the part of the State was in substance as follows: Deceased was appellant's wife. On October 1, 1934, appellant stabbed her to death with an ice pick and attempted to commit suicide. There were twenty wounds on her body. Death resulted from an internal hemorrhage caused by "puncture wounds of the heart and major blood vessels." The ice pick was practically buried in her hip. It appears that deceased was dressed for the purpose of going to town when appellant killed her. Appellant had frequently objected to her going to picture shows or to town without his permission. A week before the homicide he had threatened to do her bodily harm if she disobeyed him.

Appellant did not testify and introduced no witnesses.

Bill of exception No. 1 recites that in his closing argument, the district attorney used language as follows: "The defendant is a man who was beastly in his attitude; the defendant is a brute." Appellant's objection was overruled. We are unable to reach the conclusion that under the circumstances reflected by the record the remarks call for a reversal. In Jackson v. State, 42 S. W. (2d) 433, in which the punishment was assessed at death, counsel for the State referred to Jackson as "a beast, a black murderer." The objection was overruled. This court concluded that under the facts in evidence reversible error was not presented. We think in the present case the conclusion is inescapable that the jury looked alone to the facts and circumstances in evidence in assessing the penalty. The record discloses that appellant committed an atrocious crime. It is not strange that the jury inflicted the extreme penalty. In Silver v. State, 8 S. W. (2d) 144, this court said: "Another thing that must be borne in mind is that the facts and surroundings of the particular case should be

looked to in determining the effect of an argument complained of. The same language under a certain state of facts might be highly prejudicial, and not so regarded under other circumstances. This is illustrated in Todd v. State, 93 Texas Crim. Rep., 553, 248 S. W., 695; Coates v. State, 98 Texas Crim. Rep., 314, 265 S. W., 891; Vineyard v. State, 96 Texas Crim. Rep., 401, 257 S. W., 548."

It is shown in bill of exception No. 2 that in his argument to the jury counsel for appellant stated that he was unalterably opposed to the death penalty in any case. In reply the district attorney stated to the jury, in argument, that counsel for appellant, in a recent case in which he had been employed to prosecute, had insisted that the death penalty be inflicted. Appellant's objection was sustained, and the court admonished the district attorney to confine his argument to the testimony, and instructed the jury to disregard the remarks objected to for any purpose. Under the circumstances, we would not be warranted in holding that the matter presents reversible error.

Bills of exception 3 and 4 relate to appellant's objection to proof of indignities and threats upon the part of appellant toward deceased within six months prior to the homicide. The objections were properly overruled. It is the general rule that antecedent menaces, prior assaults, former grudges and former quarrels between the parties may be proven to show the state of mind and malice of the accused at the time of the homicide, and to establish a motive for its commission. Branch's Annotated Penal Code, sec. 1881; Welch v. State, 147 S. W., 572.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews his complaint of the argument of the district attorney set out in our original opinion. For a man to stab to death his wife, without other excuse save that she was about to go to town without his consent; and for him to continue to inflict other deadly wounds upon the body of his victim, would make such state of case as that the language used in describing the offense, or the man who committed it,—which might ordinarily be deemed objectionable,—would not be so upon such facts. We have again

604

carefully considered the matter, and find ourselves unwilling to hold the language used of such character as to necessitate a reversal under the facts of this case.

The motion for rehearing is overruled.

*Overruled.*