## RAFAEL JORDAN v. THE STATE.

No. 22163. Delivered June 10, 1942.
Rehearing Denied (Without Written Opinion) October 14, 1942.

The opinion states the case.

*Fryer & Milstead,* of El Paso, for appellant.

*David W. Heath,* Assistant County Attorney, of El Paso, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is an appeal from a conviction of aggravated assault, by appellant, an adult male, upon the person of a female; the punishment, six months' confinement in the county jail.

A detailed statement of the facts is not deemed called for. According to the testimony of the prosecutrix, the appellant, without justification or excuse, struck and slapped her. Appellant, testifying as a witness in his own behalf, admitted slapping prosecutrix, but justified his acts as being in his necessary defense against the attack by prosecutrix.

The issues of fact arising were pertinently submitted by the trial court in his charge to the jury.

The jury's verdict finds support in the testimony.

It is claimed that argument of State's counsel to the jury, wherein he stated, "Gentlemen of the jury, you know how you want the law enforced—you have daughters of your own," constitutes reversible error as being inflammatory and prejudicial. The bill of exception presenting this matter certifies that three of the jurors had children, who were girls.

In determining whether argument of State's counsel constituted reversible error, the facts must, of necessity, be looked to—especially when the argument complained of violates no statutory or mandatory rule, or when no new fact is injected into the case. Vineyard v. State, 257 S. W. 548, 96 Tex. Cr. R. 401; Heidle v. State, 86 S. W. (2d) 641, 129 Tex. Cr. R. 201; Newchurch v. State, 121 S. W. (2d) 998, 135 Tex. Cr. R. 619. In the instant case, the facts tended strongly to show a case of assault with intent to rape. In the light of such facts, the verdict of the jury fails to reflect any prejudice by that body against the appellant. We are unable to agree that the argument so made warrants a reversal of this case. See: Johnson v. State, 50 S. W. 343; Johnson v. State, 147 S. W. (2d) 811, 141 Tex. Cr. R. 175.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.