# G. C. JOHNSON V. THE STATE.

No. 22462.  Delivered April 7, 1943.
Rehearing Denied May 5, 1943.

The opinion states the case.

*Sturgeon & Sturgeon,* of Pampa. for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Driving an automobile upon a public highway while intoxicated is the offense; the punishment, a fine of $200.00.

About one o'clock in the morning, Policeman Manning of the City of Pampa, while on parol duty, was attracted by the manner in which a car was being driven, and saw it collide with a car parked on a street. He immediately went to the car and found appellant to be the driver thereof. Another party was in the car with appellant. Policeman Manning testified that appellant was intoxicated at the time, and based that conclusion upon his acts and conduct, and by reason of the smell of liquor on his breath.

The attendants at the police station to which appellant was carried testified to appellant's condition.

Appellant did not testify as a witness in his own behalf.

A witness who claimed to have seen appellant a short time prior to the collision testified that, at that time, appellant was neither intoxicated nor the driver of the car.

The jurors were warranted in their conclusion of guilt.

In the charge, the jury were instructed that, before they could convict appellant, they were required to believe beyond a reasonable doubt that he was the driver of the car, and that he was intoxicated at the time, and that unless they so believed, or if they entertained a reasonable doubt as to either of said facts, to acquit. In the light of such charge, we are unable to agree with appellant's contention that the issues that he was not the driver of the car and was not intoxicated were not submitted to the jury.

Complaint is made of the trial court's failure to permit the introduction in evidence by appellant of a picture or photo-

graph taken of the wrecked car sometime after the collision. The bill of exception is qualified by the trial court that no predicate was laid for the introduction of said testimony in that there was no proof that, at the time the picture was taken, the automobile was in the same condition as it was directly after the collision. Appellant having accepted the bill of exception as thus qualified, he is bound thereby. In the light of the qualification, the bill of exception presents nothing for review.

Complaint is made of the closing argument of State's counsel, wherein he used the following language: "If I did not believe the defendant was guilty I would not prosecute him—If this was a one bottle of beer case, I would not present it to you."

The objection to this argument was that it was prejudicial and was not warranted by the evidence. The bill of exception fails to negative the fact that the argument was not invited by previous argument of appellant's counsel, or that it was in fact subject to the objection made. A mere statement of a ground of objection in a bill of exception does not constitute a certificate that the grounds of objection do in fact exist. There was no objection that the argument complained of constituted unsworn testimony on the part of State's counsel. Hence, the case of Long v. State, 48 S. W. (2d) 632, 120 Tex. Cr. R. 373, cited by appellant, is not controlling. The general rule is that, unless the argument violates some mandatory statute, or unless some new fact is thereby injected into the case, or unless, in extreme cases, the argument is manifestly improper, it is not reversible error. Vineyard v. State, 257 S. W. 548, 96 Tex. Cr. R. 401; Heidle v. State, 86 S. W. (2d) 641, 129 Tex. Cr. R. 201; Newchurch v. State, 121 S. W. (2d) 998, 135 Tex. Cr. R. 619.

The argument here complained of does not, upon its face, violate the rule stated.

Other bills of exception, not discussed, are overruled.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant asserts that we erred in the original opinion in two respects: First, in not holding the remarks of the County Attorney in his argument to the jury to constitute reversible error; and second, in that we failed to discuss his contention that the trial court erred in declining to give his special requested instruction to the effect that if the condition of the defendant was caused or produced solely by the injuries received by him, if any, in the automobile collision rather than by the use of intoxicating liquor, then to acquit him. We have again examined the record in the light of appellant's motion for rehearing and remain of the opinion that his first contention was properly overruled because of the condition in which the bill of exception appears in the record, and we see no need of any further discussion of the question. His second contention is without merit. There is not any evidence to the effect that appellant's groggy condition, his inability to walk without aid, and his wabbling tongue was the result of the collision. Therefore, he was not entitled to the requested charge. Had such an issue been raised by the evidence, then he might have been entitled to such an instruction and the court no doubt would have given it.

Believing that the case was properly disposed of on the original submission, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.