WILLIAM WOODROW McMAHON v. THE STATE.

No. 22901. Delivered June 14, 1944.
Rehearing Denied October 18, 1944.

The opinion states the case.

*Ernest W. Wilson,* of Abilene, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for theft of an automobile, punishment assessed at two years in the penitentiary.

We quote the facts as stated in the brief of our State's attorney, and which fairly reflects the record.

"The statement of facts reflects that appellant did, on or about the 21st of December, 1943, take from the possession of Mrs. Johnnie Morrison, without her consent, one 1940 Model Ford coupe of the value of more than fifty dollars, the theft occurring in Big Springs, Texas. Mrs. Morrison testified that on the date of the alleged theft, and prior thereto, she was employed as a saleslady in Albert M. Fisher's store; that she had driven the car downtown and parked it in front of the store about 8:30 in the morning; that between 2 and 2:30, while standing in the store behind the counter, she noticed her car being backed out from the curb; that she went to the door and saw it being driven up to a red light; that she ran to the intersection and by the time she got there the light had changed and the car had made a left turn and was going down East Street; that she went back and 'phoned the city police, giving them the license number of the car; that her car was returned to her about 5:30 or 6 o'clock that same day. The record further reflects that two Texas Highway Patrolmen, Burl Haynie and Roy Cain, arrested the appellant that afternoon out on the highway some 36 miles from Big Spring; that at the time they first saw him he was driving the car in question; that they started following him in their car and that he drove very fast, and they traveled some two or three miles before overtaking him. From the time they first discovered the car and the appellant driving it that the car was never out of their sight and view until they had overtaken the appellant and arrested him."

Appellant did not testify and offered no defensive evidence. We see no basis for the contention that the evidence is not sufficient to sustain the conviction.

No objection was made to the court's instruction to the jury. The only bills of exception in the record complain of argument of State's counsel. Each of the bills is qualified to show that the argument complained of was in reply to argument of appellant's counsel.

Finding no error in the record, the judgment is affirmed.

## ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that the argument of his counsel, which was set out in the bill of exception, did not in fact warrant or authorize, as a reply thereto, the argument of State's counsel.

As a general rule, argument of State's counsel constitutes reversible error only when some mandatory statute is violated; when some new fact is injected into the case, or when same is manifestly improper and hurtful. Vineyard v. State, 96 Tex, Cr. R. 401, 257 S. W. 548; Heidle v. State, 86 S. W. (2d) 641, 129 Tex. Cr. R. 201; Newchurch v. State, 121 S. W. (2d) 998, 135 Tex. Cr. R. 619; Tadlock v. State, 139 S. W. (2d) 796, 139 Tex. Cr. R. 316; Johnson v. State, 170 S. W. (2d) 770; Lutz v. State, 176 S. W. (2d) 317.

If appellant's contention that the argument complained of was not in reply to argument of his counsel be accepted, the argument of State's counsel does not violate the rule stated.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.