## FRITZ DINKLAGE V. THE STATE.

No. 23461. Delivered November 20, 1946.
Rehearing Denied January 8, 1947.

*Gib Callaway* and *J. C. Darroch*, both of Brownwood, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a penalty of nine years in the penitentiary on a charge of murder.

This is the second appeal (see Dinklage v. State, 185 S. W.

(2d) 573). On the former conviction appellant was given a sentence of twenty-five years in the penitentiary. The facts of the case are practically the same and reference is here made to the former opinion for a statement of the case.

We are presented with three bills of exception, each complaining of the argument and manner of argument by the district attorney. Each bill, carefully drawn, refers to the record and negatives the fact that there is support found in the statement of facts for the argument, as set out in the bills. We note, however, that neither bill negatives the existence of any argument made by counsel for the defense which might have provoked or invited the argument by the district attorney. It has been consistently held by this court that such bills are deficient unless they negative the existence of all things which would have authorized the argument complained of. See Richardson v. State, 270 S. W. 854; Winslow v. State, 98 S. W. 866; Gonzales v. State, 226 S. W. 405; Fowler v. State, 232 S. W. 515; Clowers v. State, 171 S. W. (2d) 143; Fuller v. State, 180 S. W. (2d) 361; Sanchez v. State, 181 S. W. (2d) 87; Taylor v. State, 184 S. W. (2d) 621; and France v. State, 187 S. W. (2d) 80.

An examination of the record fails to reflect any reversible error. The judgment of the trial court is affirmed.

#### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that his bills of exception to the argument of State's counsel were within the rules and should be considered by us.

According to the trial court's qualification to Bill of Exception No. 3, which qualification was accepted by the appellant, the closing argument complained of is as follows:

"Counsel has stated that under the facts you must find the defendant not guilty. In view of the facts how will you explain in your conscience such a verdict. Gentlemen—will you say to this dead boy's Mother who sits here and to the law abiding people of Texas. We approve the act of Gritz Dinklage and we approve his shooting down this boy and clubbing his head in or will you say by your verdict to the people of Texas and this sorrowing Mother at whose knee he said his youthful prayers that we will not permit such unlawful acts."

The bill provides, viz.:

"BE IT FURTHER REMEMBERED that there was no evidence introduced in this cause that the said deceased, Gene Wilson, had ever said his prayers at his mother's knee or elsewhere, or that his mother was sitting there, and said statement was not in reply to any reference by opposing counsel to the praying proclivities of said deceased * *."

It is thus made to appear that appellant objected to only that part of the argument relating to the fact that deceased prayed at his mother's knee—the ground of objection being that the argument was inflammatory, prejudicial, out of the record, and unsworn testimony of the district attorney.

The rule is well-established that argument of State's counsel constitutes reversible error only when the language complained of is manifestly improper, harmful, and prejudicial, or where a mandatory provision of a statute is violated or some new and harmful fact is injected into the case. Vineyard v. State, 96 Tex. Cr. R. 401, 257 S. W. 548; Heidle v. State, 129 Tex. Cr. R. 201, 86 S. W. (2d) 641; Newchurch v. State, 135 Tex. Cr. R. 619, 121 S. W. (2d) 998; McMahon v. State, 147 Tex. Cr. R. 508; 182 S. W. (2d) 712; Mickle v. State, 191 S. W. (2d) 41; Gordon v. State, 194 S. W. (2d) 775.

In the light of the rule stated and the facts here presented, we are unable to reach the conclusion that the argument complained of constitutes reversible error.

The argument complained of in Bill of Exception No. 1 was withdrawn from the jury's consideration by the trial court. The argument so withdrawn was, notwithstanding, not of such character as to require a reversal.

Bill of Exception No. 2, as qualified by the trial court, shows that appellant was objecting to "the action of the District Attorney of talking in a loud voice while facing and looking at the defendant and pointing his finger towards him."

We are unable to see wherein the district attorney was not within his rights in this particular.

We remain convinced that the case was properly disposed of originally. The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.