CHARLIE JOHNSON V. THE STATE.

No. 23603. Delivered April 9, 1947.

*Hardin, Bransford & Hardin,* of Fort Forth, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The offense is murder; the punishment, fifty years in the penitentiary.

An extended statement of facts is not deemed called for. It is sufficient to say that the State's testimony shows that appellant, without justification or excuse, killed the deceased by stabbing him in the chest with a knife. The defensive testimony showed a killing in self-defense. The issue of aggravated assault also arose.

Bill of Exception No. 1, upon its face, complains of opening argument of State's counsel in the use of the following language: "the lawyers from Fort Worth, who are down here trying to cram something down your throat" and that, in connection with such statement, counsel referred to certain facts in the case. Appellant's objection to the statement was that counsel was misquoting the testimony and the testimony did not warrant the argument.

In this court, the appellant insists that the reference to the place where counsel for appellant resided constituted prejudicial argument. We note in qualifying the bill of exception the trial court certifies that no objection was made by appellant to said argument. The bill is further qualified showing that the evidence authorized the argument of State's counsel.

Obviously, in the light of the trial court's qualifications—which were accepted by appellant—the bill of exception is without merit.

Bill of Exception No. 2 reflects the following: Both appellant and deceased were Negroes. Negroes attended the trial in such numbers that the trial court reserved and set aside for their occupancy an entire side of the court room. During the argument, State's counsel, in addressing the jury and after arguing that the jury should convict appellant, said:

"You see all these colored citizens here. They are interested *- - - - - -." Thereupon, appellant's counsel objected to such remark and asked that same be withdrawn from the jury's consideration. The qualification to this bill shows that State's counsel made no reference as to what the interest of the colored people was—that is, whether they were for or against appellant. The bill of exception fails to reflect the grounds or reasons of appellant's objection to the argument. The bill only recites that an objection was made thereto.

In the light of such condition, as also the trial court's qualification, we are unable to say that the argument was prejudicial or not authorized.

Bill of Exception No. 3, after setting out the attendance of the colored people and that one side of the court room was reserved for them, as shown in the previous bill of exception, shows that State's counsel made the following argument:

"When a 57 year old man that has had the experience of Old Cat can go and take the life of his fellow man, just a stripling of a boy, and cut him to death, and then come up and ask the jury 'Gentlemen, if you find me guilty, give me a suspended sentence.' For Gods sake, Gentlemen, I had rather you turned him loose than to give him a suspended sentence. It wouldn't mean a thing on earth to him. In other words, you give him a suspended sentence and you say to that congregation (again pointing to congregation of colored people) 'That means you can go ahead and do the same thing and come up here and we will give you a suspended sentence.' "

The only objection made by appellant to this argument was, as follows:

"We object to counsel holding up his hand and referring to the congregation and calling the jury's attention to the congregation."

The grounds or reasons for the objection were not stated. Not having objected to the language used by State's counsel, we are unable to see wherein the reference to the congregation was erroneous. In other words, if no objection was to be lodged to the language used, it can hardly be said that the reference to the congregation prejudiced the appellant's rights.

Bill of Exception No. 4 complains of argument of State's counsel claimed to be unsupported by the testimony. It is sufficient to say that the trial court's qualification to the bill shows that the testimony warranted the argument. Appellant, having accepted the bill of exception, as so qualified, is bound thereby.

It must be remembered that, in appraising bills of exception complaining of argument of State's counsel, the controlling rule is that unless in extreme cases the argument is manifestly improper or violates some mandatory statute, or injects into the case some new fact, reversible error is not reflected. Vineyard v. State, 96 Tex. Cr. R. 401, 257 S. W. 548; Heidle v. State, 129 Tex. Cr. R. 201, 86 S. W. (2d) 641; Newchurch v. State, 135 Tex. Cr. R. 619, 121 S. W. (2d) 998; McMahon v. State, 147 Tex. Cr. R. 508, 182 S. W. (2d) 712; Mickle v. State, 191 S. W. (2d) 41; Gordon v. State, 194 S. W. (2d) 775; Tadlock v. State, 139 Tex. Cr. R. 316, 139 S. W. (2d) 796.

The argument complained of comes in none of the bills of exception within the rule stated.

Bills of Exception Nos. 5 and 6 have been examined and are overruled without discussion.

Finding no reversible error, the judgment of the trial court is affirmed.

Hawkins, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.