RICHMOND HOGG V. THE STATE.

No. 23648. Delivered May 14, 1947.

Tupper & Tupper, of San Angelo, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appeal from District Court of Tom Green County. Hon. A. L. Parish, Judge.

Robbery is the offense; the punishment, five years in the penitentiary.

By automobile, Jackson (the injured party), accompanied by his wife and young son, went to San Angelo on a vacation trip; the rear seat of the car was filled with luggage. About eight o'clock at night, Jackson, after having left his wife and son at the home of a friend, went to find a place to stay. As he was driving away from a tourist court, appellant and his companion, Fannin, asked him for a ride to town. Jackson agreed to take them, and the two got into the front seat with him and, when Jackson told them he was going to another tourist court across town to try to get a room there, said that they would go with him. When they were within a short distance of the tourist court, according to Jackson's testimony, appellant struck him on the back of the head with something which stunned him. The next thing he remembered was his being thrown out of the automobile at a point about five miles from town, resulting in his being knocked out. Upon regaining consciousness, he reported the matter to the officers. Thereafter—the exact time not being given—the automobile, stripped of most of its accessories and the luggage, was found in appellant's possession in another city.

The property alleged here to have been taken in the robbery was the automobile.

Appellant's version of the matter, according to his testimony, was that he and Fannin got into the automobile at Jackson's invitation to go "honky-tonking"; that they all got drunk; that Jackson got so drunk Fannin took over the driving of the car; that Jackson fell out of the car, rather than being thrown out, as claimed by Jackson. Appellant explained his possession of the automobile as being the result of his drunken condition, which had existed for a week. He denied taking the car or any of the luggage or accessories. The effect of his testimony was that Fannin committed whatever offense was committed.

It appears that both Fannin and appellant were indicted for this offense, and Fannin was tried first.

At the instant trial and during his direct examination, Jackson testified that, during the trial of Fannin, he had a conversation with appellant in which appellant said that Fannin "is into it just as much as I am and I am not going to take all the blame for it," and that he (appellant) was drunk and did not know what he was doing at the time.

Appellant insisted before the trial court, and here insists, that the introduction of this testimony by the State constituted proof of an exculpatory fact, exonerating him from guilt of the crime charged and, by reason thereof, the facts do not warrant the conviction.

If we understand appellant's contention, it is that the State's introduction in evidence of the declaration of the appellant that he was drunk and did not know what he was doing at the time constituted proof of an exculpatory fact.

To the correctness of this contention we cannot agree. Intoxication is no excuse for or defense to the commission of crime. (Art. 36, P. C.) Proof of the fact that a crime was committed by one while drunk could not, therefore, exculpate him from guilt, whether or not he knew what he was doing while in that condition.

Bill of Exception No. 1 presents the following:

"* * * after both the State, through its counsel, and the defendant, through his counsel, had struck their lists of prospective jurors and after the clerk had examined the same in open court and selected therefrom the names of the twelve men on the panel to make up the jury in said cause, and after the names of the said 12 men had been called in open court by the Clerk, only eleven of said men took their seats in the jury box, whereupon the District Attorney and officers of the Court paged the missing juror, F. H. Demere, in the hall outside the court room, and said missing juror was found or came back into the court room after a lapse of eleven minutes and stated in open court that he had been into the tax collector's office and paid his taxes."

Appellant objected going to trial before that jury. The bill does not reflect in what manner appellant claims that the jury was not legal. However, in this court, appellant takes the position that absence of the juror Demere from the court room at the time the list of jurors was drawn constituted jury separ-

ation, within the meaning of Article 668, C. C. P., which reads as follows:

"After the jury has been sworn and impaneled to try any felony case, they shall not be permitted to separate until they have returned a verdict, unless by permission of the court, with the consent of the attorney representing the State and the defendant, and in charge of an officer."

This article, by its express terms, applies "after the jury has been sworn and impaneled." In the instant case, the jury had not been "sworn" or "impaneled" and therefore there was no separation of the jury shown.

Bill of Exception No. 4 complains of argument of State's counsel wherein "he referred to the 'confession' and 'statement' of the defendant and recalled that the defendant had objected to its introduction."

The trial court sustained appellant's objection to the argument.

It is claimed that reversible error is reflected, nevertheless.

Ordinarily, argument of State's counsel constitutes reversible error only when manifestly improper, or when it violates some mandatory statute or some new fact is thereby injected in the case. Vineyard v. State, 96 Tex. Cr. R. 401, 257 S. W. 548; Heidle v. State, 129 Tex. Cr. R. 201, 86 S. W. (2d) 641; McMahon v. State, 147 Tex. Cr. R. 508, 182 S. W. (2d) 712; Mickle v. State, 191 S. W. (2d) 41; Gordon v. State, 194 S. W. (2d) 775.

The argument complained of does not come within the rule stated.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.