LEROY DAVIS V. THE STATE.

No. 23732. Delivered June 25, 1947.
Appellant's Motion for Rehearing Overruled (Without
Written Opinion) October 22, 1947.

*Smith & Pollard,* of Austin, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State

DAVIDSON, Judge.

The conviction is, under Art. 525, P. C., for the offense commonly referred to as procuring; the punishment, a fine of $50.00 and confinement in jail for one month which is the minimum punishment provided for that offense.

The sole complaints brought here relate to argument of State's counsel. Bills of Exception Nos. 1 and 2 complain of argument as being a reference to the failure of the appellant to testify.

These bills of exception are insufficient because it is not certified therein that appellant did not, in fact, testify as a witness in his own behalf. 4 Tex. Jur., p. 396, Sec. 264.

It must be remembered it is the well-established rule that argument of State's counsel does not constitute reversible error unless, in extreme cases, it is manifestly improper or violates some mandatory statute or some new fact is injected into the case. Vineyard v. State, 96 Tex. Cr. R. 401, 257 S. W. 548; Tadlock v. State, 139 Tex. Cr. R. 316, 139 S. W. (2d) 796; McMahon v. State, 147 Tex. Cr. R. 508, 182 S. W. (2d) 712; Mickle v. State, 191 S. W. (2d) 41; Gordon v. State, 194 S. W. (2d) 775.

The arguments complained of in the other bills of exception do not come within the rule stated. It would serve no useful purpose to here recite the arguments complained of.

In the light of the rule stated, the facts showing appellant's guilt and the infliction of the minimum punishment, reversible error is not deemed shown.

The judgment of the trial court is affirmed.

Opinion approved by the Court.