JOE MAURICE MOORE V. THE STATE.

No. 23922. Delivered February 11, 1948.
Rehearing Denied March 17, 1948.

*James O. Cade,* of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Driving while intoxicated is the offense; the punishment, a fine of $50.00.

The information was presented in the name of and signed by an "Assistant County Attorney of Lubbock County, Texas."

It is insisted by the appellant that since an information must be presented by the county attorney, or in his name, the information is, therefore, fatally defective.

By Article 331, R. C. S., the Legislature authorized the appointment of assistants county attorney, "who shall have the same powers, authority and qualifications as their principals, at whose will they shall hold office." This authorized an assistant county attorney to present an information. Wilkins v. State, 33 Tex. Cr. R. 320, 26 S. W. 409. See, also, Goodman v. State, 85 Tex. Cr. R. 279, 212 S. W. 171; and Stalcup v. State, 99 Tex. Cr. R. 415, 269 S. W. 1044. It follows that the information was not defective in the particular claimed.

Policemen of the city of Lubbock arrested appellant about three o'clock in the morning while he was driving an automobile. Based upon his acts and conduct, together with the odor of whisky upon his breath, the officers testified that appellant was drunk. Appellant denied that he was drunk. He accounted for his condition and appearance as the result of his having taken a tablet of amytal a short time before he was apprehended. Disinterested witnesses testified to facts corroborating his testimony that he was not drunk.

The jury accepted the testimony of the officers. The facts warranted that conclusion.

Bills of exception complain of the argument of State's counsel.

The rule is well-established that argument of State's counsel does not constitute reversible error unless, in extreme cases, the language complained of is manifestly improper, or where some mandatory provision of a statute is violated or some new and harmful fact is injected into the case. Vineyard v. State, 96 Tex. Cr. R. 401, 257 S. W. 548; McMahon v. State, 182 S. W. (2d) 712, 147 Tex. Cr. R. 508; Mickle v. State, 191 S. W. (2d) 41; Gordon v. State, 194 S. W. (2d) 775.

The language here complained of, especially in view of the minimum punishment assessed by the jury, is not deemed within the rule stated.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a very earnest motion in which he insists that the State did not prove venue in Lubbock County, Texas. This issue was not discussed in the original opinion because the evidence so definitely proves venue that it was not deemed necessary. Counsel probably has the view that the law requires a definite statement, in answer to a direct question on the subject. It is sufficient that the proof, either by the State or defendant on trial, should show the allegations of the complaint and information as to venue, the same as any other issue of fact.

The Court will take judicial knowledge of the fact that Lubbock is the County Seat of Lubbock County, Texas, and proof that the occurrence took place in the City of Lubbock is sufficient to establish jurisdiction in the County Court of Lubbock County, Texas.

We review the evidence of the various witnesses: In behalf of the State, G. W. Crain said, "I work for the City of Lubbock as a policeman and night jailer. I have been so employed since November 12, 1946, and was so employed on the 6th and 7th days of June, 1947." He details evidence to the effect that he and Sydney Smallwood saw the appellant driving on 19th Street and took him into custody. Smallwood next testified, "I am radio-man with the City police department here in Lubbock. I have been so employed seven and one-half months. I was in a patrol car the morning of June 7th, about 3:15 o'clock A. M.,

with G. W. Crain, another policeman." He says they were going south when they saw appellant and were attracted to him by his driving, which resulted in the arrest. J. N. Cox, another witness, testified: "I am desk sergeant at the Lubbock Police Department. I was on duty the morning of June 7, 1947, and wrote up Mr. Joe Maurice Moore when he was brought in by Mr. Crain and Mr. Smallwood." He then testified as to appellant's drunken condition. M. B. Norris said, "I am employed on the City Police force as day jailer. * * * I was on duty as day jailer the morning of June 7th." He then testified as to the drunken condition of the accused.

This is all of the evidence of the State on the subject and admittedly demonstrates a lack of attention to necessary proof, in all cases, on the part of the prosecution. It must, however, be held sufficient in view of the fact that the record shows that the case was tried in Lubbock, in Lubbock County, Texas, which identifies it as the same Lubbock as that for whom the witnesses worked.

If it should be considered weak, the following quotations from appellant's witnesses may be considered and they will amply support the State's contention that venue was proven. R. A. Shelton, defendant's witness, said, "I had occasion to attend a social function at the Hilton Hotel, here in Lubbock, on the night of June 6 of this year." He then described the affair, the presence of appellant and denied the intoxicated condition. Tom Hamm, his next witness, says: "I live here in Lubbock." He then details the affair, with the presence of appellant, and denies his drunken condition. H. D. Johns further testified for appellant, "I live in Lubbock, Texas, and am in the insurance business. I attended the Blue Goose social function at the Hilton Hotel at Lubbock on the evening of June 6, 1947." He was with the defendant that night and testified as to his sober condition. He was with him until one A. M. prior to his arrest. F. W. Mallalieu testifying for appellant, said "I live at Lubbock, Texas, and am in the insurance business. I attended the Blue Goose meeting at the Hilton Hotel in Lubbock on the evening of June 6, 1947." He then details his visit with appellant on that occasion, followed by a business conference after the affair was over. M. S. Witherspoon testified, "I live in Lubbock, Texas, and am employed by the General Adjustment Bureau where the defendant Moore is also employed. I attended the Blue Goose dinner and dance at the Hilton Hotel in the evening of June 6, 1947." He saw the appellant there and testified to his sober condition. Following this, and closing the evidence for the defense, the

appellant himself testified: "On June 6, 1947, I was staying at the Hilton Hotel in Lubbock, Texas." He then said he got up on the morning of June 6th and went to Levelland on business, after which he came back to "the Hilton Hotel here in Lubbock * * *." He took a bath and changed clothes and went out on the mezzanine floor to attend the meeting of the Blue Goose, a fraternity of insurance men. After detailing the affair and the visit with Mr. Mallalieu he says, "I then went upstairs to my room on the mezzanine floor of the Hilton Hotel." He was nervous and could not go to sleep. He found in his brief case an aspirin box in which there was one Amytal tablet. Several minutes after taking the tablet he felt no effects from it. It then occurred to him that if he could go downstairs and get a hamburger, or something to eat, that he might be able to go to sleep. He says, "I left my room without my hat, coat or tie and went down stairs." All of the restaurants were closed and he thought he could find something to eat at a place on 19th Street. He explained that he was not well acquainted with the town as he had only recently come there from Amarillo, and continued: "I went across the street and got in my car, which had been parked there all evening, and drove west on what I now know is Main Street to what I now know is Avenue Q." He further detailed driving on several streets in the city until he suddenly came to the end of 19th Street, etc. Thus the proof definitely shows that appellant was staying at the Hilton Hotel located in Lubbock, Texas; that he left his room, crossed the street from said hotel, entered his car, and began to drive through the streets—for which he is charged. This evidence definitely shows that the occurrence alleged took place in Lubbock, Texas.

With further reference to appellant's Bill of Exception No. 2, it is noted that the complaint about the argument of the prosecution is not brought before this Court in a bill which we can consider under the law. This took place in the closing argument of the County Attorney and we find nothing in the bill as required by law, to show that it was not in reply to some argument of appellant's counsel, was not provoked by him and not supported by any evidence of the case. The writer is of the opinion that the court's qualification of the bill, recalling evidence of appellant that he had taken an Amytal tablet, is not sufficient to remove any harm by the argument as contended by the State's brief. Our conclusion is based on the failure to bring the complaint to this Court in accordance with the requirements of law, as discussed in Dinklage v. State, 198 S. W. (2d) 578, and authorities there cited.

The appellant's motion for rehearing is overruled.