VERNON G. JENKINS V. STATE.

No. 24869. October 4, 1950.

C. H. *Tupper*, W. E. *Hall*, and W. A. *Johnson*, San Angelo, for appellant.

126

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Murder is the offense; the punishment, twenty-five years in the penitentiary.

That appellant killed his father-in-law by shooting him with a high-powered rifle is not disputed, but admitted by appellant. The jury rejected the self-defense theory.

Two bills of exception appear complaining of statements made in the opening argument of state's counsel.

It would serve no useful purpose to set out the argument complained of. It is sufficient to say that it violated no statutory mandate; nor was it obviously harmful, prejudicial, or manifestly improper; nor was any new fact thereby injected into the case. Reversible error is therefore not reflected. Vineyard v. State, 96 Tex. Cr. R. 401, 257 S. W. 548; Heidle v. State, 129 Tex. Cr. R. 201, 86 S. W. 2d 641; Tadlock v. State, 139 Tex. Cr. R. 316, 139 S. W. 2d 796; McMahon v. State, 147 Tex. Cr. R. 508, 182 S. W. 2d 712; Mickle v. State, 149 Tex. Cr. R. 53, 191 S. W. 2d 41.

The remaining bills of exception complain of the admission of testimony. These bills of exception cannot be considered because they are drawn in question-and-answer form, with no accompanying certificate of the trial judge that such was necessary.

Appellant contends that the bills were by the trial court ordered drawn in question-and-answer form and that such fact is reflected by the following and unattached order:

"I, John F. Sutton, Judge of the District Court of Tom Green County, 51st Judicial District of Texas, hereby certify that in order to clearly understand Bills of Exception Numbers 3, 4, 5, 6, 7 & 8 in the above entitled and numbered cause the same should be put in question and answer form and same are so approved in such form."

The order was filed in the trial court long after the expiration of the time allowed for filing bills of exception.

The numbers set out in the order identify the bills of exception relating to the admission of testimony.

It will be noted that there is nothing in the order to show that it was made at the time the bills of exception were approved by the trial court, or that it was made within the time allowed for the filing of the bills of exception in the trial court. For the order to be effective, it was necessary that it be made within such time.

The conclusion is reached that as same appears in the record, the order is insufficient to authorize consideration of the question-and-answer bills of exception.

The judgment is affirmed.

Opinion approved by the court.