### M. DARNALL v. THE STATE.

No. 6853. Decided April 12, 1922.

Rehearing Denied May 10, 1922.

1.—**Child Desertion—Witness Under Rule—Discretion of Court.**

Where upon appeal, the bill of exceptions, as to the placing of a witness under rule, failed to show any wilful failure on the part of the trial court to place said witness under rule, there is no error.

2.—**Same—Variance—Complaint—Information—Initials in Names.**

Where appellant for the first time raises the question of variance between the complaint and in the information in this court, as to the initials of the names of the parties, and no motion to quash was made in the court below, same constitutes no reversible error.

3.—Same—Rehearing—Initials—Practice on Appeal.

The presumptions and inferences are in favor of a sufficiency of the pleadings, and under the statutory directions mentioned in our original opinion, we must believe that the pleader was describing the injured person by the use of her initials.

Appeal from the County Court of Childress; tried below before the Honorable M. J. Hathaway.

Appeal from a conviction of child desertion; penalty, a fine of $250.

The opinion states case.

*C. W. Keirsey,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the county court of Childress County of child desertion, and his punishment fixed at a fine of $250.

It appears evident from the record that a complaint was filed against appellant in which he was charged with rape upon one Flora Sheid. He was arrested in California and brought back to Childress County upon this complaint. During the trip the sheriff advised him the best thing he could do would be to marry the girl. He reached Childress Monday, April 11, 1921, and on Tuesday he married said girl. Her baby was then a few hours old. It is the desertion of this child for which this conviction was had. There seems no dispute of the fact that appellant in no way contributed to the care or support of said child after his marriage, nor did he offer excuse or reason for not so doing, save a contention that he was not the father of said child. The fact that said child was wholly dependent, and that it and its mother were being supported and cared for by relatives, was not controverted. No objection was made to the testimony of appellant's wife, and she swore that the child was his. He testified that he was not the father of said child. The trial court told the jury in his charge that unless they believed beyond a reasonable doubt that appellant was the father of said child, he should be acquitted. That the jury found him guilty evidences a decision of this issue of facts against appellant.

There are two bills of exception in the record. That the court failed to instruct witnesses when retiring from the court room under the rule, that they must not discuss the facts with any person except the attorneys, is the subject of the first bill of exceptions. No refusal or wilful failure on the part of the trial court is shown in the bill, and same is qualified by the statement of the judge of said court that if any request in this regard was made, he did not understand same.

No attempt is made to show discussion of the case by such witnesses while in retirement, nor is injury in any way made to appear. The complaint as to the matter is obviously groundless. Bill No. 2 recites testimony given by appellant on his direct examination, and then proceeds as follows:

"On cross-examination by Mr. Howard, of counsel for the State, the following proceedings were had:

" 'I have stated that Flora Sheid and I were married at the home of J. E. Sheid, and that at the time we were married Flora Sheid was then the mother of a baby, the baby in this case, which was only a few hours old. The reason that I married her under those circumstances was that they had me charged with being the father of that child.'

"To which character of questioning defendant's counsel then and there objected, on the ground that defendant's motive or reason for marrying Flora Sheid could form no proper field of inquiry in this case; that such questioning was highly prejudicial to the rights of the defendant, and could serve no purpose except to inflame the minds of the jury. Which objection was by the court overruled; to which ruling and action of the court counsel for defendant then and there in open court excepted."

There is no discussion of this matter in appellant's brief, and we are not able to see how or in what way this examination was not proper.

In this court for the first time apparently appellant raises the question of a variance between the complaint and information. As this question is presented here it rests upon a claim that the affidavit which forms the basis for the information filed, fails to charge that said child was in destitute and necessitous circumstances, but instead thereof it charges that appellant himself was in destitute and necessitous circumstances. Reverting to the affidavit and the facts, it appears that appellant's name as stated in the record was Mairl and that the name of the child was Merle. The affidavit which is contained in the record refers to the child in some places as Merle Darnall and appellant is referred to as M. Darnall. The concluding portion of the charge in said affidavit is "and the said M. Darnall being then and there in destitute and necessitous circumstances, against the peace and dignity of the State." No motion was made to quash this affidavit in the court below. Art. 456 of Vernon's Code of Criminal Procedure is in part as follows:

"Allegation of name.—In alleging the name of the defendant, or of any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the Christian name and the surname."

A mere statement of this statute is sufficient. The initial of said child was M. It was evidently referred to in the latter part of said complaint as M. Darnall. This does not seem to have in anywise mis-

led or confused appellant in the preparation or trial of his case in the court below, and was deemed of so little moment by him as not to attract his attention or that of his attorney. There is nothing in the contention.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

May 10, 1922.

LATTIMORE, JUDGE.—Appellant again insists that the complaint was fatally defective in that it stated that "the said M. Darnall being then and there in destitute and necessitous circumstances," it being insisted that appellant had been referred to in said complaint, as M. Darnall and his child as Merle Darnall, and that the allegation just quoted must be held to refer to appellant and not to his child. The affidavit was sworn to on June 3, 1921, before the county attorney of Childress County and appears to have been written by him. On the same day the county attorney prepared and filed the information based on said affidavit. In the information the concluding reference to either of the parties mentioned therein is as follows: "the said Merl Darnall being then and there in destitute and necessitous circumstances." We regret that we cannot agree with counsel for appellant, and that in our opinion the designation in the quotation from the complaint above set out must be held to apply to the child and not to the appellant. The presumptions and inferences are in favor of the sufficiency of the pleadings, and under the statutory direction mentioned in our original opinion we must believe that the pleader was describing the injured person by the use of her initial.

The motion for rehearing will be overruled.

*Overruled.*