## J. G. WALKER V. THE STATE.

No. 20203.   Delivered March 1, 1939.

The opinion states the case.

*Mead & Metcalfe,* of Marfa, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is driving an automobile on a public highway while intoxicated; the punishment, a fine of $75.00 and confinement in jail for five days.

In the indictment it is alleged that appellant, while intoxicated, drove an automobile upon a public highway in the County of Brewster and State of Texas, "to-wit,: U. S. highway 90, * * *." The only proof offered in support of the averment as to the highway upon which the appellant operated the car came from the arresting officer. We quote: "Yes, sir, that is a state highway. It is highway ninety and it was in Alpine, Brewster County, Texas." Unless we can assume that state highway 90 and U. S. highway 90 are one and the same road (and we know of no authority which authorizes this court to indulge in such

presumption against one accused of crime), appellant's contention that the state failed to prove a driving on the highway as described in the indictment must be sustained. Spencer v. State, 42 S. W. (2d) 259. It is observed that in his motion for new trial appellant raised the question now under consideration. It is well settled that it was incumbent upon the state to prove that the car was driven upon the highway described in the indictment. The opinion is expressed that on the point mentioned the averment and proof fail to correspond.

Upon another trial the court should refrain from instructing the jury as to the law relative to the suspension of drivers' licenses. Under the statute, a conviction automatically works a suspension.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.