## HAYNE BLACKBURN V. THE STATE.

No. 23716. Delivered June 18, 1947.
Rehearing Denied October 22, 1947.

C. C. *McDonald*, of Wichita Falls, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was charged by indictment as a second offender against the law of driving an automobile while intoxicated upon the public streets within the corporate limits of the City of Seymour in Baylor County, Texas. He was convicted of said offense and his punishment assessed at confinement in the state penitentiary for a term of one year.

Appellant's first contention is that the court erred in overruling his motion to quash the indictment based on the ground that it failed to charge that the town of Seymour was incorporated. Omitting the formal parts of the indictment, it reads as follows:

"That Hayne Blackburn on or about the 16th day of June, 1946, and anterior to the presentment of this indictment, in the County of Baylor and State of Texas, did then and there unlawfully while intoxicated and while under the influence of intoxicating liquor drive and operate an automobile upon a public street within the corporate limits of the City of Seymour, Baylor County, Texas," etc.

This is followed by a paragraph charging a former conviction of a like offense, etc.

Appellant seems to take the position that if he drove a motor vehicle while intoxicated upon a street of a town or village not incorporated, he would not be guilty of an offense under

Art. 802 and 802b, P. C. To this we cannot agree. We said in the case of Broughton v. State, 188 S. W. (2d) 393, that the people of towns or villages which are not incorporated are as much entitled to protection against drunk drivers of motor vehicles as those of incorporated cities. The statute must be given a reasonable construction and not an unreasonable one. A person who is intoxicated and while so intoxicated drives a motor vehicle upon any public road, street or thoroughfare, whether the same be in an incorporated or unincorporated town or village, is guilty under the law. The purpose of the law is to protect people against drunk drivers while using such public road, street or thoroughfare. It is not necessary to charge that he drove a motor vehicle upon a particular road or street, nor that the city, town or village was incorporated, but if the indictment contains unnecessary descriptive averments therein, the State assumes the burden of proving the same as charged.

Having reached the conclusion that the trial court did not err in declining to sustain the motion to quash the indictment on the ground stated, his contention is overruled.

He next claims that he was not intoxicated and did not drive the automobile at the time and place in question. This was a controverted issue. Mr. Davis testified that he saw the appellant driving the car when he came around the corner near the jail; that he saw when appellant drove against another car which was parked; that there were two other persons in the automobile with appellant at the time; that he (Davis) started towards appellant's car as he (appellant) was getting out of it, and when he saw Davis approaching he ran into the lumber yard. However, Davis followed him and arrested him; that appellant was intoxicated and his breath carried the odor of intoxicating liquor. The sheriff testified that appellant was drunk at the time and smelled the odor of intoxicating liquor on his breath. Appellant denied that he was intoxicated at the time in question and several witnesses testified to the same fact. It will be noted that an issue of fact was raised which the jury decided adversely to him, and the jury's decision on questions of fact is binding on this Court.

Finding no reversible error, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The witness Davis, the city marshal, testified that appellant was drunk and that he could smell intoxicants on his breath when he arrested him. The sheriff also testified that appellant was drunk and that he could smell intoxicants on his breath.

In the light of this testimony we are unable to agree with appellant's contention that we erred in concluding that the facts supported the conviction.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.