N. C. BRUNSON V. STATE.

No. 24073. June 2, 1948.

Hon. J. O. Garrett, Judge Presiding.

*C. O. McMillan,* of Stephenville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for driving an automobile while intoxicated; the punishment, a fine of $100.00 and ten days in jail.

The information alleged that appellant, while intoxicated, did "drive a motor vehicle, to-wit: 1938 Model Chevrolet Pickup, upon a public highway within said county, towit; East Washington Street in the City of Stephenville, Texas."

Appellant challenges the sufficiency of the evidence to sustain

the conviction in two particulars: (a) there is no testimony sustaining the allegation that the motor vehicle alleged to have been driven was a "1938 Model Chevrolet Pickup" and, (b) there is no testimony sustaining the allegation that the motor vehicle was driven upon "East Washington Street in the City of Stephenville, Texas."

An examination of the statement of facts sustains appellant's contention. There is testimony that appellant was driving a "pickup" on East Washington Street in Erath County. This is as far as the testimony goes towards establishing the descriptive averments as to the year, model, and name of the motor vehicle so driven. There is no testimony that East Washington Street, where the witness saw appellant driving the "pickup," was in the City of Stephenville, Texas, as alleged.

There is perhaps no rule of law more firmly established in this State than that which requires the State to establish the descriptive averments contained in the State's pleading.

Here, it would have been sufficient to have alleged merely that appellant, while intoxicated, drove and operated a motor vehicle upon a public highway in Erath County. This the State did not do but described, with unnecessary particularity, the motor vehicle, as also the place where same was alleged to have been driven, thereby assuming the burden of establishing, by proof, such descriptive averments. Not having sustained these descriptive averments by the testimony, the evidence fails to sustain the conviction.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.