R. L. TATE, JR., V. STATE.

No. 24385. October 19, 1949.

*Chas. Nordyke,* Stephenville, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

On the 25th day of May, 1949, during the preceding term of this court, we dismissed the appeal in this case because the record failed to show that any judgment had been entered upon the minutes of the court. Appellant, in due time, filed a motion to reinstate the appeal and caused a supplemental transcript to be filed in this court showing entry of a final judgment. Therefore, the appeal will be reinstated and the case will be disposed of on its merits.

Appellant brings forward a number of complaints, but in view of the disposition we are making of this case, we deem it only necessary to discuss his complaint challenging the sufficiency of the evidence to support the judgment of conviction.

It was charged in the complaint and information that "on or about the 11th day of April, A. D. 1948, R. L. Tate, Jr., did then and there unlawfully, while intoxicated and while under the influence of intoxicating liquor, drive a motor vehicle, to-wit: A. 1942 Model Ford Four Door Sedan, upon a public highway within said county, to-wit: U. S. Highway #108 about two miles north of the City of Stephenville, Texas, * * *."

We have carefully examined the statement of facts, but we are unable to find any evidence therein that he drove a motor vehicle upon U. S. Highway # 108. There is evidence to the effect that he drove his automobile on Highway 108, but this does not meet the allegations that it was U. S. Highway #108. The state, having particularly described the highway, was required to prove it as charged in the complaint and information. The identical question here presented was before this court in the following cases: Walker v. State, 136 Tex. Cr. R. 368 (125 S. W. 2d 571); Malone v. State, 135 Tex. Cr. R. 169 (117 S. W. 2d 779); and Spencer v. State, 118 Tex. Cr. R. 336 (42 S. W. 2d 259). It will thus be noted that the averment and the proof fail to correspond. In other words, there is a variance between the allegation and the proof which calls for a reversal of the judgment.

The judgment is reversed and the cause remanded.

Opinion approved by the court.