## WARREN D. HARTSOOK V. STATE

No. 25472. November 21, 1951.
Rehearing Denied January 9, 1952.

Hon. Wayne Gee, Judge Presiding.

*Ramey & Ramey,* by *J. R. Ramey,* Sulphur Springs, and *Leonard Passmore,* Mt. Vernon, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the misdemeanor offense of driving while intoxicated; the punishment, a fine of $100.

Patrolmen of the city of Sulphur Springs, while patrolling the streets of that city, were attracted by the manner in which an automobile was being driven and stopped the car. Appellant was the driver thereof and, according to their testimony, was drunk at the time. Other witnesses for the state corroborated the fact that he was drunk.

This testimony warranted the jury's conclusion of guilt.

Several bills of exception appear complaining of the argument of state's counsel. The argument complained of violated no mandatory statute, nor was any new fact thereby injected into the case. In the light of the punishment assessed we are unable to say that the argument was manifestly improper, harmful, or prejudicial to the appellant. Vineyard v. State, 96 Tex. Cr. R. 401, 257 S. W. 548; Heidle v. State, 129 Tex. Cr. R. 201, 86 S. W. 2d 641; McMahon v. State, 147 Tex. Cr. R. 508, 182 S. W. 2d 712; Mickle v. State, 149 Tex. Cr. R. 53, 191 S. W. 2d 41; Gordon v. State, 149 Tex. Cr. R. 378, 194 S. W. 2d 775.

Appellant complains because the trial court refused to instruct, at appellant's request, the witnesses in the case after they had been placed under the rule not to discuss the case among themselves or with any one else except the county attorney. No showing is made that any witness, after having been placed under the rule, discussed the case with any one. It is appellant's contention that he was entitled to have the witnesses so instructed, under the provisions of Art. 647, C. C. P., which reads as follows:

"Witnesses, when placed under rule, shall be instructed by the court that they are not to converse with each other or with any other person about the case, except by permission of the court, and that they are not to read any report of or comment upon the testimony in the case while under rule. The officer who attends the witnesses shall report to the court at once any violation of its instructions: and the party violating the same shall be punished for contempt of court."

The construction to be given to this statute is that it is directory, and that in order for a violation thereof to constitute reversible error it must be shown that the accused was injured thereby or that the trial court abused his discretion in the right resting in him to preserve the orderly procedure and conduct of the case.

It was not necessary that the information describe the highway over which the accused was alleged to have operated the automobile, other than that it was a public highway. Appellant's contrary contention was therefore properly overruled. Blackburn v. State, 150 Tex. Cr. R. 572, 204 S. W. 2d 619.

Other bills of exception appearing in the record have been examined and are overruled without discussion.

No error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY; Judge.

Appellant's motion for rehearing is directed to Bill of Exception No. 2, complaining of the trial court's refusal to give his requested instructions to witnesses placed under the rule.

The requested instructions included the provision that the witnesses would not be permitted to discuss the case with anyone except the county attorney.

Obviously such a condition would have cut appellant off from having his counsel consult with the witnesses, and would therefore have been unreasonable and improper, and the trial court correctly refused to give it.

In the absence of a showing that the witnesses discussed the case while under the rule, and no objection having been made to the admission of the testimony of any state witness at the time such witness was called to testify, no injury appears. See Darnall v. State, 91 Tex. Cr. R. 659, 240 SW 540.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.