WILLIE TROY WILLIAMS V. STATE.

No. 31,209. January 13, 1960.

*James E. Faulkner,* Coldsprings, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $50.00.

The complaint and information alleged that appellant, while intoxicated, operated an automobile on "United States Highway No. 59" in San Jacinto County.

The court's charge required the jury to find, in order to convict, that appellant, while intoxicated, operated a motor vehicle upon a public highway, to-wit, United States Highway No. 59.

The jury found appellant guilty as charged and assessed the minimum punishment.

In charging a violation of Article 802, V.A.P.C., it is sufficient to allege that the appellant, while intoxicated, operated a motor vehicle upon a public highway in the county without naming or describing the highway. Hartsook v. State, 156 Texas Cr. Rep. 560, 244 S.W. 2d 830, and Tate v. State, 153 Texas Cr. Rep. 571, 223 S.W. 2d 634. However, where, as here, the information describes the highway with unnecessary particularity, such descriptive averment must be proved. Brunson v. State, 152 Texas Cr. Rep. 158, 211 S.W. 2d 755, and Blackburn v. State, 150 Texas Cr. Rep. 572, 204 S.W. 2d 619.

Our able State's Attorney does not seek affirmance of this conviction because there was no evidence to sustain the descriptive averment that appellant was driving on United States Highway No. 59. Tate v. State, supra; Walker v. State, 136 Texas Cr. Rep. 368, 125 S.W. 2d 571; and Thomas v. State, 152 Texas Cr. Rep. 124, 210 S.W. 2d 826.

The judgment is reversed and the cause remanded.