The offense is indecent exposure; the punishment, 7 years.

The indictment charged that appellant exposed his private parts to Jo Ann Cabarubio, a person under the age of 16 years.

In making out its case in chief, the State was permitted to prove, over the objection of appellant, that approximately a year prior to the date charged in the indictment one Lupe Valez, who was not present at the time of the exposure to Jo Ann, had gone to a picture show with her sister and as they entered the balcony appellant had said, "Come here," to them and had there exposed his private parts. The testimony concerning this extraneous offense was not limited in the charge.

Young v. State, 159 Tex.Cr.R. 164, 261 S.W.2d 836, is authority for the reversal of this conviction. There we held it reversible error for the State to prove that the accused had committed acts of sodomy upon two different boys from the one charged in the indictment at a different time and place, said boys not being present at the time of the offense charged.

For the error pointed out, the judgment is reversed and the cause is remanded.

Alex **SCHUBACH, Jr.,** Appellant,

v.

**STATE** of Texas, Appellee.

No. 32411.

Court of Criminal Appeals of Texas.

Nov. 16, 1960.

Leo Darley, Uvalde, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.

The information alleged that appellant drove a motor vehicle, to-wit a "GMC red & white pickup" and described the place where it was driven as "U. S. 90 within the City limits of the City of Brackettville just east of the west intersection of said U. S. 90 and Loop 166 said Loop 166 being also known as Spring Street in said City of Brackettville, Kinney County, Texas."

Having described with such particularity the motor vehicle and the place where the offense was committed, it was necessary that the state prove such allegations. Brunson v. State, Tex.Cr.App., 211 S.W.2d 755; Williams v. State, Tex.Cr.App., 331 S.W.2d 57, and cases cited.

The state failed to make proof of these unnecessary allegations as to the description of the motor vehicle and the place of the offense, and our State's Attorney does not seek affirmance of the conviction.

The judgment is reversed and the cause remanded.