Alexander **MASON**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 36438.

Court of Criminal Appeals of Texas.

March 4, 1964.

Penrice & Johnson, by Robert L. Penrice, Waco, for appellant.

Thomas B. Bartlett, County Atty., Jack Welch (Special Prosecutor), Marlin, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is aggravated assault on a peace officer; the punishment, two years in jail and a fine of $1,000.00.

Our prior opinion is withdrawn and the following is substituted in lieu thereof. Appellant was in jail on another charge, and asked to use the telephone. Since there was none in the jail, he was accompanied by several deputy sheriffs to their office where he used the telephone. After doing so, appellant lay down on the floor and refused to walk back to the jail. He was bodily carried to the jail some distance away, and thence up to the third floor. Nothing unusual occurred other than the above, until the entourage reached the top floor, at which time the officers sat appellant down in order to move certain objects; appellant then arose, grabbed the bar outside the cell and refused to enter. Erskine, the Deputy Sheriff-Jailer, who had brought appellant his breakfast that morning, testified that as he and Deputy Sheriff Curtis were pulling him by his arms into the cell, appellant broke loose from Curtis, who was holding his right arm, and "he swung at me, hit me, knocked me on the bunk. * * * He knocked my glasses off." The other officers testified to substantially the same facts and verified that Erskine's glasses were bent and his nose was bleeding. It was shown that prior to the incident in question, appellant had been arrested on a

Capias charging him with the offense of contributing to the delinquency of a minor.

Appellant, testifying in his own behalf, stated that he was a minister, that he had been harassed by the officers, and that he was arrested at a cafe "that caters to white customers", but that later other charges were filed against him. He admitted that he lay down on the floor in the sheriff's office, which made it necessary for the officers to carry him from the courthouse to the jail and upstairs. As to the alleged assault upon Erskine, he testified, "At no time did I hit, and at no time did I even swing." He did state that when they reached the third floor, he kicked loose and Deputy Sheriff Sharp kicked him in the side.

He called several witnesses who attested to his reputation.

Dr. T. G. Glass, the County Health Officer, testified that on the day in question he examined appellant, who complained of being beaten, but from his examination, he was unable to find any indication of personal injury. All the officers who were present denied that they inflicted any violence upon appellant.

■ The jury resolved the conflict in the evidence against appellant, and we find it sufficient to support the conviction. We shall discuss the contention advanced in brief and argument. No formal bills of exception appear in the record. A motion for change of venue was made, but the court overruled the same and refused to hear evidence in support thereof. This being a misdemeanor case, a change of venue is not authorized by the holdings of this Court except in those rare cases which come within the terms of Article 563, Vernon's Ann.C.C.P., which both the State and appellant overlook in their briefs. Appellant urges that we overrule the long line of decisions holding that venue may not be changed in a misdemeanor case except in those counties wherein Article 563 controls. Appellant's contention that Article 562 as

so construed deprives him of a fair trial guaranteed him under the due process clause of the Federal Constitution because of the existence of prejudice against him in Falls County. In Moon v. State, 169 Tex.Cr.R. 14, 331 S.W.2d 312, a death penalty conviction, we said:

"It has been the consistent holding of this Court, in Lopez v. State, 158 Tex. Cr.R. 16, 252 S.W.2d 701; Kizzee v. State, [166] Tex.Cr. [R. 191], 312 S. W.2d 661; and Slater v. State, [166] Tex.Cr. [R. 606], 317 S.W.2d 203 and cases there cited, that in order to require a reversal for refusal to change venue, there must be a showing that prejudice against the accused found its way into the jury box at his trial. We reverse where such a showing is made. Williams v. State, 162 Tex.Cr.R. 202, 283 S.W.2d 239."

We likewise here find no evidence in this record that prejudice against appellant found its way into the jury box at his trial. It has been the consistent holding of this Court that our statutes, which do not provide for a change of venue in misdemeanor cases, are not unconstitutional. Patton v. State, 124 Tex.Cr.R. 656, 65 S.W.2d 308.

■ He next contends that the court erred in permitting Sheriff Brady Pamplin to testify after the rule had been invoked. We find nothing in the record to verify appellant's contention that the Sheriff had actually been in the courtroom and heard the testimony of the other witnesses. Be this as it may, the Sheriff did not testify as to the alleged assault, as he was not present, but merely testified in rebuttal as to his contact with appellant outside the jail, and about which appellant had testified, and hence, no harm is shown.

■ His last contention is that the court erred in not instructing the witnesses in accordance with the terms of Article 647 Vernon's Ann.C.C.P. when placing the witnesses under the rule. In the absence of a showing that the rule was violated, no re-

versible error is reflected. Darnall v. State, 91 Tex.Cr.R. 659, 240 S.W. 540.

The maximum punishment provided by law was assessed by the jury.

█ While a reduction of the punishment would seem to be appropriate, this Court is without authority to reduce it or to set aside the conviction upon the theory that the punishment is excessive.

Authority to grant pardons, reprieves and commutations of punishment is vested by the Constitution in the Governor upon recommendation of the Board of Pardons and Paroles.

Finding no reversible error, the judgment is affirmed.