James Earl **ROWLAND**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 50253.

Court of Criminal Appeals of Texas.

June 11, 1975.

Richard D. Bird, Childress, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

■ Appellant was convicted by a jury for driving a motor vehicle upon a public road while intoxicated. Art. 6701*l*–1, Vernon's Ann.Civ.Stat. At the punishment stage of the trial the trial court instructed the jury that the punishment for this offense was by confinement in the county jail for not less than three days nor more than two years, and by a fine of not less than Fifty Dollars nor more than Five Hundred Dollars, the applicable penalty under Article 6701*l*–1, Vernon's Ann.Civ. Stat. The jury set appellant's punishment at three days in jail, a fine of Fifty Dollars, and suspension of appellant's driver's license. The jury further recommended that the jail time and driver's license suspension be suspended for one year. We note that a jury has no legal authority to either suspend or to recommend that a defendant's driver's license not be suspended. Beach v. State, 150 Tex.Cr.R. 193, 199 S. W.2d 1020 (1949).

■ The complaint and information alleged that appellant, while intoxicated, operated a motor vehicle "on F. M. 1632 about ½ to 1 Mi. South of Dodson" in Collingsworth County. The proof showed that appellant was driving his vehicle on F. M. Road 1642, not F. M. Road 1632, as alleged in the complaint and information.

In Williams v. State, 168 Tex.Cr.R. 622, 331 S.W.2d 57 (1960), it is stated:

"In charging a violation of Article 802, Vernon's Annotated Penal Code (now Article 6701*l*–1, Vernon's Ann.Civ.Stat.), it is sufficient to allege that the appellant, while intoxicated, operated a motor vehicle upon a public highway in the county without naming or describing the highway. Hartsook v. State, 156 Tex.Cr.R. 560, 244 S.W.2d 830, and Tate v. State, 153 Tex.Cr.R. 571, 223 S.W.2d 634. However, where, as here, the information describes the highway with un-

necessary particularity, such descriptive averment must be proved. Brunson v. State, 152 Tex.Cr.R. 158, 211 S.W.2d 755, and Blackburn v. State, 150 Tex.Cr.R. 572, 204 S.W.2d 619."

There being a fatal variance between the allegations and the proof, the conviction cannot stand.

The judgment is reversed and the cause remanded.