David Michael HOLDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 58811.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

Rehearing En Banc Denied Nov. 1, 1978.

George S. Gault, Mineral Wells, court appointed, for appellant.

Robert J. Glasgow, Dist. Atty. and Robert S. Lee, Asst. Dist. Atty., Stephenville, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a revocation of probation. Appellant was originally convicted for burglary of a building and was assessed a punishment of four years' imprisonment and a $300.00 fine, probated. On February 6, 1978, the State filed a motion to revoke probation. On March 7, 1978, the State filed an amended motion to revoke probation alleging that the appellant violated State law in that the appellant appeared "in a public place, to-wit: US Highway 180 approximately four (4) miles west of Mineral Wells, Texas under the influence of a substance, to-wit: clear acrylic plastic aerosol spray paint, to the degree that the said David Michael Holder might endanger himself and others." On the 17th of March, 1978, an order revoking appellant's probation was entered based on the trial court's finding that the State's allegation in its amended motion to revoke probation was true.

Appellant's single ground of error alleges that the evidence adduced by the State in support of its motion to revoke probation was insufficient, as a matter of law, to sustain the trial court's finding that the appellant was indeed under the "influence of a substance, to-wit: clear acrylic plastic aerosol spray paint, . . .."

The amended motion to revoke probation upon which appellant and the State proceeded in the instant cause alleged that the appellant violated that condition of his probation which required that he not violate the "laws of this state . . .." The amended motion to revoke probation alleged the offense of public intoxication. See V.T.C.A., Penal Code, Section 42.08.[1] The arresting police officer testified at the hearing that he had experience with over a thousand individuals who were intoxicated by alcohol or drugs. He further testified that he observed a vehicle on Highway 180 weaving and crossing the center stripe and driving erratically. He proceeded to signal the vehicle to stop. The driver's response was slow, sharp, and jerky. The appellant was unsteady as he exited the vehicle and approached the police officer. He appeared unkempt, glassy-eyed, and had a strong chemical smell about him like glue or thinner. Appellant's speech was slurred and he appeared "like he was in a fog" or "distant." The police officer observed a roll of baggies, a can of spray acrylic lacquer, and a single baggie with the lacquer substance within it on the transmission hump beside the driver's position. He also observed more baggies and another can of similar substance in the rear of the vehicle. Finally, he testified that he was of the opinion, based on his experience and observations, that the appellant was intoxicated and to such a degree that he was a danger to himself and others. This testimony clearly establishes the violation of V.T.C.A., Penal Code, Section 42.08. See *Scamardo v.*

---

1. "(a) An individual commits an offense if he appears in a public place under the influence of alcohol or any other substance, to the degree that he may endanger himself or another.

(b) A peace officer or magistrate may release from custody an individual arrested under this section if he believes imprisonment is unnecessary for the protection of the individual or others.

(c) It is a defense to prosecution under this section that the alcohol or other substance was administered for therapeutic purposes by a licensed physician.

(d) An offense under this section is a Class C misdemeanor."

*State,* Tex.Cr.App., 517 S.W.2d 293. Appellant cites *Malone v. State,* 135 Tex.Cr.R. 169, 117 S.W.2d 779; *Daulton v. State,* 155 Tex.Cr.R. 335, 235 S.W.2d 165; and *Schubach v. State,* 170 Tex.Cr.R. 276, 340 S.W.2d 42, for the proposition that descriptive averments in the allegation of an offense must be proven as charged.

Were we to conclude that the State was obliged to prove, by a preponderance of the evidence, that appellant was indeed intoxicated under the precise substance alleged, i. e., clear acrylic plastic aerosol paint, we consider the evidence in this record to be sufficient in establishing that descriptive allegation. As noted previously, the arresting officer noticed a strong chemical smell about the appellant like glue or thinner and observed a roll of baggies, a can of spray acrylic lacquer, and a single baggie with the lacquer substance within it on the transmission hump beside the driver's position. The arresting officer made similar observations in the rear seat area.[2] Thus, the State's proof that the appellant "smelled like airplane glue or paint thinner" and the close proximity of the can of acrylic lacquer and the baggie with the acrylic substance within it to the driver's position in the automobile driven by appellant is sufficient to establish that the acrylic lacquer paint was the cause of appellant's public intoxication.

Appellant's single ground of error is overruled. There being no abuse of discretion in revoking appellant's probation, the judgment is affirmed.

2. The arresting officer's testimony shows the following:

A As I recall in his appearance, it was unkempt, he had his shirttail out, his eyes were glassy, there was a strong chemical smell about him which to me it smelled like airplane glue or paint thinner, something like that.

\* \* \* \* \* \*

Q Did you look inside the car?
A Yes, sir. I did. I had him wait at the rear of his vehicle and I stepped to the car and shined my light through the driver's window. I first observed what appeared to me to be a baggie with a substance inside of it.
Q Did you inspect that baggie?
A Yes, sir. I did. I opened the car door and reached in. As it turned out, there was a roll of baggies, these plastic bags, alligator bags I guess is what they are called. As I was looking at those, I observed a can of spray can substance, acrylic lacquer laying next to the baggies under the seat. As I was looking through the vehicle, I found on the transmission hump in the front floorboard, a baggie with some of this same acrylic substance sprayed into it, it was still wet.
Q Did it give off an odor?
A Yes, sir. It did.
On cross-examination:
Q Well, you have testified that you don't know what chemicals are in this spray paint, but you have a suspicion that it does contain some intoxicating type chemicals or something that could impair the judgment or affect somebody?

A Yes, sir. I base my opinion on the defendant's behavior at the time of the arrest.
Q Well, do you know for a certainty that his behavior was a direct result of the use of this spray paint?
A I have no chemical proof that nothing—nothing like a breath test or something like that I can offer for that, but I believe it is—it is my opinion, yes.
Q You don't have anything to base it on because you don't know what chemical the spray paint contains or whether or not for sure it could produce an intoxicating effect?
A I can't say whether or not these chemicals produce an intoxicating effect, no, sir.
Q So it's possible this clear acrylic plastic paint did not bring about an intoxicating effect?
A Yes, sir. I guess that's possible.
Q You can't say with any degree of probability that it did, based on your knowledge?
A Based on my opinion alone, I believe that that's what caused the intoxication, but I cannot substantiate that other than by my opinion.
On re-direct:
Q I believe you said you didn't know for sure if the acrylic would induce an intoxicated state, but in your opinion, was he in an intoxicated state?
A Yes, sir. I believe that he was.
Q Sufficient enough to endanger himself?
A Yes, sir. I believe so.