Sara Frances CROCKETT, Appellant,

v.

STATE of Texas, Appellee.

No. 13-81-177-CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 7, 1982.

Rehearing Denied Nov. 29, 1982.

Discretionary Review Refused
Feb. 16, 1983.

Joseph Connors, III, McAllen, for appellant.

Reynaldo Cantu, Jr., Crim. Dist. Atty., Brownsville, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

BISSETT, Justice.

To an indictment charging her with aggravated sexual abuse appellant pleaded guilty to the lesser included offense of sexual abuse and was assessed a punishment of 15 years. The indictment alleged that appellant on or about June 15, 1980,

"did then and there . . . intentionally and knowingly, by threaten . . . threatening the imminent infliction of serious bodily injury to Cindy Sue Crockett, compel the said Cindy Sue Crockett, a person not the spouse of Timothy Cliff Staley, to engage in deviate sexual intercourse with Timothy Cliff Staley without the effective consent of Cindy Sue Crockett, by contact between the genitals of Timothy Cliff Staley and the anus of Cindy Sue Crockett with intent to arouse and gratify the sexual desire of Timothy Cliff Staley."

This indictment alleges the essential elements of aggravated sexual abuse under Penal Codes Sections 21.05(a)(3) (Acts 1973, 63rd Leg., p. 883, ch. 399, Sec. 1) and 21.-04(a)(2) (Vernon 1974).

Appellant, in several grounds of error, challenges the sufficiency of the evidence to support the conviction. As part of its case to show guilt, the State offered into evidence a statement signed by appellant which contains the following recital:

"Further, the Defendant, in person, under oath, together with his attorney and the attorney representing the State of Texas, further agree, consent and stipulate in writing in open court to the following:

The State may introduce affidavits, written statements of witnesses and any other documentary evidence in support of any judgment that may be entered in this cause, which are marked Exhibits No. '1, through No. 7,' inclusive, and made a part hereof; that such stipulated evidence is true and correct; that the Defendant is the identical person referred to in the exhibits and stipulated evidence and if the witnesses were present, sworn and testifying under oath that they would testify as set out in their written statements and would identify the Defendant as the person of whom they speak in said exhibits and stipulations; that the Defendant is the identical person named in the in the indictment in the above styled and numbered cause; that each and every allegation is [sic] said indictment charging the offense of: Sexual Abuse is true and correct and each act therein

alleged occurred in Cameron County, Texas. ·

> /s/ Sarah F. Crockett
> Defendant"

This recital constitutes a judicial confession and is alone sufficient to support the conviction. *Lee v. State,* 505 S.W.2d 816 (Tex. Cr.App.1974). This being so, we find it unnecessary to address defense counsel's detailed analysis of other evidence offered by the State wherein he contends that evidence is insufficient to show (1) that Staley's genital contacted the anus of Crockett (2) that the deviate sexual intercourse was without the consent of Crockett and (3) that appellant acted with the intent to arouse or gratify his sexual desire.

■ We also decline to consider the question of whether the punishment assessed in this case is excessive. So long as the punishment is assessed within the range authorized by statute for the offense on trial, the fact finder has unreviewable discretion in setting the amount of punishment. *Mason v. State,* 375 S.W.2d 916 (Tex.Cr.App.1964).

■ Appellant also contends that the offense is incorrectly described in the judgment and requests us to reform the judgment. The judgment states that the defendant "is guilty of Sexual Abuse as charged in the indictment herein, as confessed by her in her plea of guilty herein made." This is an adequate description of the offense.

We have considered all of appellant's grounds of error. They are overruled.

The judgment of the trial court is affirmed.