ACCEPTED
06-15-00010-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/17/2015 3:00:48 PM
DEBBIE AUTREY
CLERK

## Nos. 06-15-00010-CR

### In the
### Sixth Court of Appeals
### at Texarkana, Texas

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
6/17/2015 3:00:48 PM
DEBBIE AUTREY
Clerk

_____

Larry Joe McNeal,

Appellant,

v.

The State of Texas,

Appellee.

_____

On Appeal from the
County Court, Lamar County, Texas
Hon. M. C. Superville, Presiding

_____

### Appellant's Brief

Don Biard
State Bar No. 24047755
Counsel for Appellant

**ORAL ARGUMENT NOT REQUESTED**

*Defendant Below*
*Appellant in this Court*

Larry Joe McNeal

Counsel for Appellant:
     Don Biard                             (on appeal)
     State Bar No. 24047755
     38 First Northwest
     Paris, Texas 75460
     Tel: (903)785-1606
     Fax: (903)785-7580
     Email: dbiard@att.net

     Jerry Coyle                         (at trial)
     State Bar No. 04966700
     117 1ˢᵗ Street SE
     Paris, Texas 75460
     Tel: (903)732-0030
     Fax: (214)722-1373

*Appellee in this Court*

The State of Texas

Counsel for Appellee:
     Gary Young
     Lamar County Attorney's Office
     119 N. Main Street
     Paris, Texas 75460
     Tel: (903)737-2458
     Fax: (903)737-2455

# TABLE OF CONTENTS

Identity of Parties and Counsel…………………...........……………………………………1

Table of Contents………………………….........……………………………………….2

Index of Authorities…………………………………………………………………....3

Issues Presented…………………………………………………………………………4

Summary of the Argument.........................................................................................4

Statement of the Case……………………………………………………………......5

Procedural History…………………………….......…………………………………....6

Facts……………………………………………………………………………..7-8

Argument and Authorities……………………….........……………………………......9-14

Prayer…………………….....…………………………………………………………15

Certificate of Service……………………….....………………………………….…....16

Certificate of Compliance With Rule 9.4(i)(3).........................................................17

# INDEX OF AUTHORITIES

## Caselaw

*Beasley v. State*, 906 S.W.2d 270, 271 (Tex. App. — Beaumont 1995)...............10

*Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) ..........................9,13

*Brunson v. State*, 211 S.W.2d 755 (Tex. Crim. App. 1948)....................................14

*Butler v. State,* 429 S.W.2d 497 (Tex.Cr.App. 1968)................................................14

*Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).........................9,13

*Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd)...............................................................................................................9,13

*Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) ..............................9,13

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979)....................................................9,13

*Metts v. State*, 22 S.W.3d 544, 547 (Tex. App. — Fort Worth 2000)................11,12

*Seiffert v. State,* 501 S.W.2d 124 (Tex.Cr.App. 1973)..............................................14

## SUBJECT MATTER OF ISSUES PRESENTED

**I. Whether the evidence is insufficient to support the jury's verdict because there is insufficient evidence that Appellant actually exposed himself?**

**II. Whether the evidence is insufficient to support the jury's verdict because there is insufficient evidence that the complainant was alarmed or offended by Appellant's act of exposure?**

## SUMMARY OF THE ARGUMENT

**Neither of the state's two witnesses saw Appellant expose his genitalia in public. While one state's witness testified that she saw Appellant's abdomen, she specifically testified that she did not see his genitalia. Accordingly, the evidence is insufficient to support the jury's verdict.**

**Additionally, because the complainant did not see Appellant's genitalia, the state failed to prove that she was alarmed or offended by Appellant's exposure of his genitalia.**

| | |
|---|---|
| *Nature of the Case:* | Plea of Not Guilty to an information charging one count of Indecent Exposure |
| *Trial Court:* | The Honorable M. C. Superville County Judge, Lamar County, Texas |
| *Trial Court Disposition:* | A jury convicted Appellant of the charged offense and the trial court sentenced Appellant to 120 days in jail. |

**PROCEDURAL HISTORY**

On July 10, 2014, Appellant was charged by information with the Class B misdemeanor offense of indecent exposure in violation of Tex. Pen. Code §21.08. On August 28, 2014, Appellant was appointed trial counsel.[1] On January 6, 2015, jury selection began and the case proceeded to trial on January 7, 2015.[2]

Appellant pled not guilty to the charged offense but the jury found Appellant guilty.[3] Appellant elected to have the trial court assess punishment and the judge sentenced Appellant to serve 120 days in jail.[4] Appellant timely filed notice of appeal on January 8, 2015.[5]

---

[1] CR, pg. 12
[2] RR, Vols. 3,4,5
[3] RR, pg. 27
[4] CR, pg. 29
[5] CR, pg. 31

## FACTUAL BACKGROUND

Kelli Unruh testified at trial that she got off work around 4:30 p.m. on February 13, 2014 and went to a public park and walking track in Paris, Texas.[6] Unruh ran two miles at the track and then began walking back to her car.

While walking back to her car, Unruh testified she saw a man standing next to a white SUV approximately 100 to 150 feet away. Other testimony later established that the distance between Unruh and this man was approximately 655 feet.[7] Unruh testified that the man was standing next to his open car door and she believed he was masturbating.[8] However, Unruh testified that she never saw the man's genitalia.[9]

After seeing this man, Unruh called her husband on her cell phone and then called 911. After placing the call to 911, Officer Mayfield with the Paris Police Department was dispatched to the scene.[10]

Officer Mayfield testified that he arrived at the park and found Appellant exiting the driver's door of a white SUV. Officer Mayfield saw Appellant bend down and then walk around to open the driver's side back door of the SUV.[11]

---

[6] RR, pg. 22 (All references are to Vol. 4 of the Reporter's Record unless otherwise specified.)
[7] RR, pg 116
[8] RR, pg. 28
[9] RR, pgs. 60-61, 68
[10] RR, pg. 69
[11] RR, pg. 72

Officer Mayfield did not see Appellant expose his genitalia in any way.[12]  Officer Mayfield interviewed Appellant and then left the scene.[13]

After the close of the state's case, the defense made a motion for a directed verdict on the basis that the state had failed to prove that Appellant had exposed his genitals or anus.[14]  However, the trial court denied the motion and the trial continued.

The defense called Shane Grissom, an engineer with the City of Paris. Grissom produced a scaled aerial photograph of the park where Unruh believed she saw Appellant.  Grissom was able to show that, according to Unruh's testimony, she would have been approximately 655 feet away from Appellant when she saw him.[15]

---

[12] RR, pg. 95-96
[13] RR, pg. 101
[14] RR, pg. 107
[15] RR, pg. 116

**Issue No. 1 Restated:  The evidence is insufficient to support the jury's verdict because there is insufficient evidence that Appellant actually exposed himself.**

**Standard of Review**

In evaluating the sufficiency of the evidence, this court must review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt.[16]  This court must conduct a rigorous sufficiency review focusing on the quality of the evidence presented while giving deference to the responsibility of the jury to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[17]

**Analysis**

At trial, the State's primary witness was Kelli Unruh.  Unruh testified that she saw a man standing next to a white SUV with his abdomen exposed making a hand motion as if he were masturbating.[18]  She was approximately 655 feet away

---

[16] *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd).

[17] *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).

[18] RR, pg. 30-35

from this man when she saw this.[19]  Importantly, Unruh testified explicitly that she never saw the man's genitalia.[20]

Officer Mayfield was the only other person who testified he saw Appellant that day.  Officer Mayfield also specifically told the jury that he did not see Appellant's genitalia.[21]

The Beaumont Court of Appeals has addressed a much closer question than that presented in our case.  In *Beasley v. State*, the defendant pulled his car up to the complainant, opened his door, and asked, "Baby, do you want to get in the car?"[22]  The complainant testified that she saw Beasley's legs all the way up to his abdomen but that his hand blocked her view of his penis.[23]

The court held that the evidence was insufficient to support Beasley's conviction for indecent exposure, writing, "The complainant's statement and testimony both clearly indicate she did not at any time see any part of appellant's genitals."[24]

As in *Beasley*, Unruh's testimony in our case clearly indicates she did not at any time see any part of Appellant's genitals.

---

[19] RR, pg. 116
[20] RR, pg. 61
[21] RR, pg. 95-96
[22] *Beasley v. State*, 906 S.W.2d 270, 271 (Tex. App. — Beaumont 1995).
[23] *Id.*
[24] *Id.* at 272

Although it does not appear that this court has considered this exact issue, the Fort Worth Court Appeals has declined to follow the logic in *Beasley*. In *Metts v. State*, the Fort Worth Court held that the, "State is only required to prove that the appellant's genitals were exposed. The victim's perception is not an element of the offense."[25] However, the court's holding must be considered in light of the facts in *Metts*.

In *Metts*, the complainant testified that she was out jogging at a park when the appellant came toward her holding his penis out and staring at her.[26] Several months later, the complainant again saw the appellant at the same park. She testified that as she was returning to her car, she saw the appellant naked from the waist down and he appeared to be masturbating. She testified that she did not actually see his penis on this occasion but that she surmised it was exposed because she saw his bare buttocks and he appeared to be masturbating. Based on this, the Fort Worth Court found the evidence sufficient to convict Metts of indecent exposure for this second incident.

Several facts differentiate *Metts* from our case. First, the complainant in *Metts* saw the same man who had exposed himself to her earlier a second time engaged in similar conduct.[27] Here, Unruh had never before seen the man she

---

[25] *Metts v. State*, 22 S.W.3d 544, 547 (Tex. App. — Fort Worth 2000).
[26] *Id. at 546*
[27] *Metts* at 546

11

claimed was masturbating nor could she identify Appellant as the man she had seen at the track that day.[28]

Second, the distance between the complainant and Metts appears to have been substantially closer than in our case. The complainant saw him in the parking lot as she was returning to her car.[29] Here, Unruh was approximately 655 feet — nearly one-eighth of a mile — away from the man when she saw him.

Third, in *Metts* the complainant actually saw Metts's exposed buttocks.[30] Here, Unruh did not testify that she saw any part of Appellant's buttocks, genitalia, or groin region. In fact, Unruh specifically testified that although Appellant was turned toward her, Appellant's "genitals were never exposed" to her.[31]

Even applying the rationale in *Metts*, the State has failed to meet its burden. There is insufficient evidence to allow a rational juror to conclude beyond a reasonable doubt that "the appellant's genitals were exposed." The only evidence suggesting they were was the testimony of a witness standing nearly an eighth of a mile away who did not see his genitals.

Because the record reflects insufficient evidence that Appellant actually exposed his genitalia, the evidence is insufficient to support the jury's verdict.

---

[28] RR, pg. 35
[29] *Metts* at 546
[30] *Metts* at 546
[31] RR, pg. 68

**Issue No. 2 Restated: The evidence is insufficient to support the jury's verdict because there is no evidence that Kelly Unruh was offended or alarmed by Appellant's act of exposure.**

## Standard of Review

In evaluating the sufficiency of the evidence, this court must review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt.[32] This court must conduct a rigorous sufficiency review focusing on the quality of the evidence presented while giving deference to the responsibility of the jury to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[33]

## Analysis

The information by which Appellant was charged reads in part:

> One Larry Joe McNeal late of said County and State, anterior to the presentment of this information, did then and there, with intent to arouse or gratify the sexual desire of the defendant, expose his genitals, and the defendant was reckless about whether another was present who would be offended or alarmed by his act in that he was masturbating with his penis exposed in a public parking lot, and *Kelli Unruh was present and offended or alarmed by said act of exposure.*[34]

---

[32] *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd).

[33] *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).

[34] CR, pg. 6

Descriptive averments in the charging instrument must be proved.[35] The State is bound by its allegations in its charging instrument and must prove them beyond a reasonable doubt.[36] Writing nearly 70 years ago, the Court of Criminal Appeals stated, "There is perhaps no rule of law more firmly established in this State than that which requires the State to establish the descriptive averments contained in the State's pleading."[37]

The information in this case contains the descriptive averment that Kelli Unruh was offended or alarmed by Appellant's act of exposure. The jury charge correctly instructed the jury that they must find the State proved this allegation beyond a reasonable doubt in order to convict.[38] However, the stated failed to prove that Unruh was offended or alarmed by Appellant's act of exposure.

As discussed above, Unruh never actually saw Appellant expose himself. It would not have been possible for Unruh to have been offended or alarmed by an act which she did not witness. Therefore, there can be no evidence that Unruh was so offended. Accordingly, the evidence is insufficient to support the jury's verdict.

---

[35] *Brunson v. State*, 211 S.W.2d 755 (Tex. Crim. App. 1948).
[36] *Butler v. State,* 429 S.W.2d 497 (Tex.Cr.App. 1968); *Seiffert v. State,* 501 S.W.2d 124 (Tex.Cr.App. 1973).
[37] *Brunson* at 755
[38] CR, pg. 24

## Conclusion

The evidence is insufficient to support the jury's verdict because there is insufficient evidence that Appellant actually exposed himself in public. Further, the evidence is also insufficient to support the jury's verdict because there is no evidence that Kelli Unruh was alarmed or offended by Appellant's act of exposure.

## Prayer

Appellant respectfully requests this court reverse the conviction below and render a judgment of acquittal.

Respectfully Submitted,

**/s/ Don Biard**

_____

Don Biard
State Bar No. 24047755
38 First Northwest
Paris, Texas 75460
Tel: (903)785-1606
Fax: (903)785-7580
Email: dbiard@att.net
Counsel for Appellant

## CERTIFICATE OF SERVICE

I certify that on June 17, 2015 a copy of the foregoing Appellant's Brief was served to the following parties by email.


**/s/ Don Biard**

_____

Don Biard


Attorney for Appellee:

Gary Young

Lamar County Attorney's Office

**CERTIFICATE OF COMPLIANCE PURSUANT TO TEXAS RULE OF APPELLATE PROCEDURE 9.4(i)(3)**

TO THE HONORABLE COURT OF APPEALS:

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, Counsel for Appellant files this certification that Appellant's brief is a computer-generated document that contains 2,548 words. Counsel further certifies that he relied on the word count of the computer program used to prepare this document.

Respectfully submitted,


\_\_\_**/s/Don Biard**_____
DON BIARD
State Bar No. 24047755
McLaughlin, Hutchison & Biard
38 First Northwest
Paris, Texas 75460
Tel: (903)785-1606
Fax: (903)785-7580
Counsel for Appellant