cockrell 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-93-00461-CR







Kirk Fletcher Cockrell, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NO. 6195, HONORABLE JOE CARROLL, JUDGE PRESIDING








 A jury found appellant guilty of theft of property valued at more than $750 but
less than $20,000. Act of May 27, 1985, 69th Leg., R.S., ch. 599, § 1, 1985 Tex. Gen.
Laws 2244, amended by Act of May 29, 1989, 71st Leg., R.S., ch. 245, § 1, 1989 Tex. Gen.
Laws 1161, amended by Act of May 26, 1989, 71st Leg., R.S., ch. 724, §§ 2, 3, 1989 Tex.
Gen. Laws 3273, 3274-76 (Tex. Penal Code Ann. § 31.03, since amended) (hereinafter
"Former Penal Code § 31.03"). The court assessed punishment at three years' imprisonment,
probated for ten years. Appellant raises the following points of error: (1) venue was improper
in Lampasas County; (2) the evidence is legally and factually insufficient to support his
conviction; (3) the trial court erred by improperly commenting on the evidence; and (4) the
prosecutor's improper argument resulted in an unfair trial. We will affirm the judgment of
conviction.


BACKGROUND

 Appellant was a licensed attorney who specialized in investment securities in
Houston, Texas. His mother, Estelle Martin, and the victim, Virginia Williams, were sisters. 
In 1986, Martin moved to Lampasas to live with Williams in the small house Williams owned
at 1105 West Avenue B. Two years later, Williams moved into a nursing home and Martin
continued to reside at the house. Martin died on March 20, 1991.

 In 1984, Virginia Williams executed a general power of attorney naming Estelle
Martin as her attorney-in-fact; Martin executed a general power of attorney naming her son as
attorney-in-fact in 1990. On March 20, 1991, the day of his mother's death, appellant entered
the Lampasas County Clerk's office and executed a warranty deed, attempting to transfer
Williams's property to himself as Martin's attorney-in-fact. The county clerk refused to file the
deed because it had not been notarized. Appellant returned the next day with the properly
acknowledged deed and filed it with the clerk.



DISCUSSION 


 Appellant first contends that since he had the warranty deed acknowledged by a
notary in Harris County, he committed the offense in Harris County and thus venue was improper
in Lampasas County. Relying on Black v. State, 645 S.W.2d 789, 791 (Tex. Crim. App. 1983),
appellant contends that his plea of not guilty places venue in issue. However, as the court of
criminal appeals has explained in a subsequent case, a plea of not guilty places venue in issue only
for the purpose of establishing the burden of proof at trial. Holdridge v. State, 707 S.W.2d 18,
21 (Tex. Crim. App. 1986). To preserve the issue of venue for appellate review, a defendant
must challenge the sufficiency of the evidence supporting venue during trial; otherwise, appellate
courts will presume that venue was proper. Id. (citing former Tex. Code Crim. Proc. Ann. art.
44.24, which was subsequently repealed and replaced by current Tex. R. App. P. 80). By failing
to properly preserve error, appellant has waived his right to object to improper venue on appeal. 


 Appellant also urges that the evidence is both legally and factually insufficient to
establish that the offense took place in the State of Texas, as alleged in the indictment. A court
may take judicial notice that a particular city is within the state or within a county. Moore v.
State, 209 S.W.2d 192, 194 (Tex. Crim. App. 1948); see also Black, 645 S.W.2d at 793 (Onion,
J., dissenting) (stating that a court may take judicial notice of location even if the court has not
announced its intention to do so). 

 Furthermore, the evidence is sufficient to establish that the theft took place in
Texas. The Lampasas Deputy County Clerk testified that appellant filed the deed in question with
her office on March 21, 1991. The deed was entered into evidence and submitted to the jury. 
The acknowledgement page of the deed shows that the deed was notarized in "Harris County,
Texas." The acknowledgement page also contains the file stamp of the county clerk's office
which states, "Filed for Record, March 21, 1991, Connie Hartman, County Clerk, Lampasas
County, Texas." Thus, the evidence clearly establishes that the offense occurred in Texas. 
Appellant's first point of error is overruled.

 Appellant next requests our review of both the legal and factual sufficiency of the
evidence regarding the "consent" and "intent" elements of his offense. The indictment charged
that appellant appropriated real property from Virginia Williams 



without the effective consent of said owner in that the [appellant] had knowledge
that consent, if given, was given by a person [appellant] knew was not legally
authorized to act for the owner and the appropriation was with the intent to deprive
the owner of the property.



See Former Penal Code § 31.03. The critical inquiry on review of the legal sufficiency of the
evidence to support a criminal conviction is whether the record evidence could reasonably support
a finding of guilt beyond a reasonable doubt. This Court does not ask whether it believes that the
evidence at trial established guilt beyond a reasonable doubt. Instead, the relevant question is
whether, after viewing the evidence in the light most favorable to the prosecution, any rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex.
Crim. App. 1981). 

 Appellant urges that the evidence is legally insufficient to prove that he
appropriated the property without the effective consent of the owner. Specifically, he emphasizes
that the deed and acknowledgement were dated March 15, 1991, five days before Martin's death,
and that Williams named Martin as her attorney-in-fact and Martin in turn named appellant as her
attorney-in-fact. Appellant argues that through this chain of consent, he was indirectly authorized
to convey Williams's property to himself. Although we doubt the effectiveness of these
successive powers of attorney, we need not address that issue to decide this appeal. Based on
evidence adduced at trial, the jury could have concluded that the deed was executed not on March
15 but on March 20, after Martin had died and any authority appellant had to act on her behalf
had terminated. See Wall v. Lubbock, 118 S.W. 886, 888 (Tex. Civ. App. 1908, writ ref'd); 3
Tex. Jur. 3d Agency § 24 (1980). At trial a Deputy County Clerk for Lampasas County testified
that appellant appeared in her office on March 20, 1991, that he had the deed in his hand and that
he wrote on it. The clerk refused to file the deed because it was not acknowledged. Appellant
returned the next day and filed the deed ostensibly notarized March 15. Viewed in the light most
favorable to the prosecution, the jury could have concluded from this evidence that the deed and
acknowledgement were back-dated. Upon reaching this conclusion, a rational trier of fact could
infer that appellant, an attorney, knew that any purported authority to transfer the property as his
mother's attorney-in-fact terminated upon her death. Whether consent was "effective" becomes
irrelevant under this analysis because no consent was given.

 Appellant further alleges the evidence is legally insufficient to show that he
intended to deprive Williams of her property. Appellant emphasizes that the property was
eventually returned to Williams's heirs and that its value did not diminish while appellant
controlled it. This subsequent return does not expunge the fact the appellant attempted to transfer
full ownership from Williams to himself. An actor's intent is judged by his acts prior to or at the
moment of the crime, not by subsequent events. Forbes v. State, 157 S.W.2d 900, 902-03 (Tex.
Crim. App. 1942). Given appellant's surreptitious attempt to transfer the property immediately
after his mother's demise without informing Williams or any member of her family, a rational
juror clearly could have found beyond a reasonable doubt that appellant intended to deprive
Williams of the legal ownership of her home. Having addressed appellant's legal sufficiency
arguments, we overrule his first point of error.

 Appellant further asserts that the evidence is factually insufficient with respect to
the elements of effective consent and intent. A factual sufficiency review requires an examination
of the evidence without the prism of the "light most favorable to the prosecution." Stone v. State,
823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd, untimely filed). Instead, this Court is
free to consider the testimony of defense witnesses and the existence of alternative hypotheses. 
However, the verdict should be set aside only if it is so contrary to the overwhelming weight of
evidence as to be clearly wrong and unjust. Id. 

 Appellant did not elect to call any defense witnesses at trial. No alternative theories
were offered to explain appellant's actions; the defense merely argued that the prosecution had
failed in its burden of proof. We find nothing so "uncertain, inconsistent, improbable, or
unbelievable" in the evidence adduced as to render the jury's verdict clearly wrong and unjust. 
See Robert W. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L.
Rev. 361 (1960). Appellant's second point of error is overruled.

 Appellant's third point of error alleges that the trial court erred when it changed
its ruling on an objection to hearsay testimony and instructed the jury to disregard the hearsay
statement. During defense counsel's cross-examination of State witness Jo Ann Davidson, the
following exchange took place:



DEFENSE COUNSEL: Did you ever happen to go to the house at 1105 West
Avenue B and try to get Mrs. Williams to change any beneficiaries in her will?


THE WITNESS: I went up there not with the intention of it. I went up there
because she had told me.


DEFENSE COUNSEL: Your Honor, I am going to object to any hearsay
testimony. I simply would like to know if she went to see the lady about changing
the beneficiary in the will.


PROSECUTOR: Your Honor, I believe she is trying to explain that, to give a
proper answer.


THE COURT: All right. She can answer the question. 


THE WITNESS: Okay. She had repeatedly told me when she was able to get out
of that bed to where she could take care of her own business she was going to
change her will.


After Davidson and another state witness had testified, the judge admonished the jury:



Ladies and Gentlemen of the jury, you know, I explained to you earlier about these
objections and so on and the rulings of the Judge, and the Defendant or the State
objects and the Judge says "sustained" or "overruled" and so on like that. And
awhile ago there was this Mrs. Davidson who was testifying, and the Defense
objected that she was going to testify to hearsay, and the State responded that she
was going to explain her answer. And I went ahead and let her explain, and then
she did testify as to something that probably was hearsay as I understand it. So
now I have to go back and ask you to disregard that statement, if you remember
that. That was objectionable and should have been sustained. So you should
disregard her statement.



 Appellant asserts that this comment improperly focused the jury's attention on the
inadmissible evidence. However, appellant failed to object at the time of the judge's comment
and has therefore failed to preserve any error for our review. Harris v. State, 784 S.W.2d 5, 14
(Tex. Crim. App. 1989). Accordingly, we overrule appellant's third point of error.

 Appellant argues in his fourth point of error that the prosecutor made an improper
argument which denied appellant a fair trial. During closing arguments of the guilt/innocence
phase of the trial, the prosecutor remarked:



[I]f you buy the theory that this consent was all given and that in fact the deed was
actually prepared five days before she died--and you can look at the deed, and you
can determine where or how it--how it is prepared; all in the handwriting of the
Defendant, even to get back here to the point of the acknowledgement being filled
in by the same person who wrote the deed--and you can look at that and see that it
is all, even the acknowledgement part, is in the handwriting of the Defendant. 



Appellant contends that the prosecutor improperly argued outside the record that the deed was in
the handwriting of the Defendant.

 A prosecutor may not interject facts not supported by the record into a closing
argument. Allridge v. State, 762 S.W.2d 146, 155 (Tex. Crim. App. 1988). However, counsel
is allowed to make reasonable deductions from the evidence presented to the jury. Id. The deputy
clerk testified that appellant wrote on the deed in her office. The prosecutor thus made a
reasonable deduction from this testimony that the handwriting on the deed belonged to the
appellant. 

 Furthermore, even assuming that the prosecutor's argument was improper, such
error results in a reversal only when there is a reasonable possibility that the argument complained
of, in light of the record as a whole, contributed to the conviction. Id. It is highly unlikely that
counsel's argument regarding the collateral issue of the author of the deed contributed to the jury's
decision to convict; the fact remains that appellant filed the deed which transferred the property
the day after his mother's death and the day after his authority under the power of attorney had
expired. We overrule appellant's final point of error. 

 Having overruled all of appellant's points of error, we affirm the trial court's
judgment.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith; Justice Aboussie Concurring

Affirmed

Filed: February 15, 1995

Do Not Publish